## WALKER *v.* THE STATE.

1. In the trial of a criminal case, where the judge has correctly charged the jury as to their right to believe the statement of the accused in preference to the sworn testimony, it is not error requiring the grant of a new trial to charge that the jury may consider the statement "in connection with all the other facts and circumstances proven, . . and see if it is corroborated by the sworn evidence or any physical facts proven." The words quoted are inaccurate, and should not be given in charge; but when, taken in connection with the entire charge, it is evident that they could not have misled or confused the jury, they will not work the grant of a new trial.
2. The evidence fully warranted the verdict.

Argued June 20, — Decided July 12, 1904.

Indictment for murder.    Before Judge Spence.    Baker superior court.   April 21, 1904.

*Jesse W. Walters* and *R. B. Odom,* for plaintiff in error.

*John C. Hart, attorney-general* and *W. E. Wooten, solicitor-general,* contra.

CANDLER, J.    The accused was tried under an indictment charging him with murder, and was found guilty with a recommendation to the mercy of the court.    He excepts to the overruling of his motion for a new trial.    Besides the general complaint that the verdict was contrary to law and the evidence, the motion contained only one ground, in which error is assigned on the following charge of the court :    " The defendant on trial is allowed to make a statement in his own behalf.    The statement is a voluntary statement not made under oath, and made by the defendant in his own behalf; but the statement is allowed to go to the jury to be considered by them and given such weight and credit as the jury see proper to give it.    The jury have the right to believe the statement of the defendant in preference to all the sworn evidence in the case, if they see proper to do so; or the jury have the right to believe the sworn testimony in preference to the voluntary statement of the defendant, if they see proper to do so.    The jury have the right to believe portions of the statement and portions of the sworn evidence in arriving at a verdict in the case.    It should be the object and purpose of [an] impartial jury impaneled and sworn to try the case between the State and the defendant to find a true verdict, and in their deliberations they should accept the truth of the transaction whether it comes from the statement of the defendant or from the sworn testimony.    You should consider carefully the statement made by the defendant, so as to determine whether it is the truth about the manner of the killing.    Consider it in connection with all the other facts and circumstances proven to your satisfaction, and see if it is corroborated by the sworn evidence or any physical facts proven to your satisfaction, or whether it is inconsistent with or contradicted by other facts and circumstances proven to be true in the case to your satisfaction beyond all reasonable doubt; and when you have carefully considered the statement and explanation of the defendant as to how the killing occurred,

in connection with and along with the sworn testimony submitted to you, then you will determine what weight and credit you will give to the defendant's statement.　You will then determine as rational, reasonable jurors, whether under all the evidence submitted to you, considered in connection with the defendant's statement, you are satisfied beyond all reasonable doubt as to the defendant's guilt under the law which I will read to you, applied to what you find to be the facts in regard to the killing." It will be seen that by far the greater part of this lengthy extract from the charge is in no respect objectionable.　The motion complains of the entire extract, but the only portion which is fairly open to any sort of criticism is that which gave the jury the right to consider the statement of the accused in connection with the sworn testimony and to see if the evidence corroborated the statement. This portion of the charge, it must be admitted, was inaccurate and not happily expressed; but when read in connection with the entire charge, it is inconceivable that the jury could have been misled or confused thereby.　The judge had previously charged the jury explicitly that they might, if they saw fit, believe the statement of the accused in preference to "all the sworn evidence in the case."　The latitude allowed them by law in this regard was clearly defined, and no room was left for any confusion on the subject.　It has been frequently ruled that the jury, in considering the statement of the accused, should not accept it capriciously in preference to the sworn testimony; and in *Keller* v. *State*, 102 *Ga.* 514 (9), this court ruled (Mr. Justice Little dissenting) that it was not error for the trial court to charge the jury that it was their duty to test the statement in the light of the testimony.　The charge in this case may fairly be construed as merely amounting to an instruction that the jury were authorized, if they saw fit, to consider the statement in connection with the evidence and weigh it all together to see what credit should be given to each.　Be this as it may, it was in no sense contradictory to that portion of the charge which gave them the privilege of rejecting the evidence and believing the statement.　In this view of the charge, which we think is the proper one to be taken, while it is in a measure open to the criticism made against it, it furnished no ground for the grant of a new trial.

The evidence amply warranted the verdict.　The deceased was

a woman.　　The accused admitted the killing, but claimed that it was accidental.　　The only evidence to support that contention was that immediately after the killing the accused had stated that he was "pranking" with his pistol when it went off and killed the deceased.　　On the other hand there was evidence that the accused had threatened the life of the deceased; and while there were no eye-witnesses to the killing, the jury were fully authorized to find that the homicide was intentional and malicious.　　*Judgment affirmed.　All the Justices concur, except*

FISH, P. J., dissenting.　　While, in the trial of a criminal case, the court, in charging the jury, may have told them that they could believe the voluntary statement of the prisoner, in preference to the sworn testimony, if they saw proper to do so, it was nevertheless error, requiring the grant of a new trial, to subsequently instruct them they should "consider it in connection with all the others facts and circumstances proven to [their] satisfaction, and see if it [was] corroborated by the sworn evidence or any physical facts proven to [their] satisfaction."