## MITCHELL *v.* THE STATE.

The court did not err in giving to the jury the charge complained of; nor in the refusal to charge; nor in ruling out evidence, as complained of. The evidence authorized the verdict.

No. 635. DECEMBER 14, 1917.

Indictment for murder. Before Judge Morris. Milton superior court. September 21, 1917.

*George F. Gober, G. B. Walker, J. P. Brooke,* and *W. I. Heyward,* for plaintiff in error.

*Clifford Walker, attorney-general, Herbert Clay, solicitor-general, Howell Brooke,* and *M. C. Bennet,* contra.

GILBERT, J. 1. Error is assigned on the following charge of the court: "This defendant, gentlemen, has made a statement in his own behalf; it is for you to say what weight and credit you will give his statement. It is not under oath, and you are not bound to give it any weight and credit, but on the other hand you have a right to believe his statement in preference to the sworn testimony in the case." As has been stated by this court heretofore, it is usually the better practice to charge the statutory provisions touching the statement at some stage of the trial, the statute being so plain and explicit as to need no exposition or comment. The above-quoted charge, however, is not subject to the criticism that the words, "you are not bound to give it any weight and credit," minimize the statement. As a matter of fact, there is nothing in the quoted charge contrary to the principles of law applicable to the prisoner's statement. The court explained to the jury that it was for them to say what weight and credit they would give the statement, and also that they had the right to believe it in preference to the sworn testimony in the case. This was in accord with the statute; and that the jury could refuse to give the statement any weight and credit was equally a sound proposition of law.

2. Error is assigned because the court refused to give to the jury the following charge as requested in writing: "The court instructs the jury that the question is not whether, if the defendant did not do it, who did it. The question is as to whether the State has shown the defendant's guilt beyond a reasonable doubt. The defendant is not called upon to show to the jury that the prosecutor has not shown him guilty beyond a reasonable doubt." The request to charge was argumentative in character, and there was no error in refusing it. Considered in connection with the general charge, the refusal of the request was not error. The court fully and fairly instructed the jury in regard to the duty devolving upon the State to prove the guilt of the accused beyond a reasonable doubt, and also that the presumption of innocence of the accused "serves him as prima facie evidence of his

innocence, and remains with him throughout the trial until the State has carried the burden placed upon it, and proved every material allegation in the indictment, and proved the defendant's guilt beyond a reasonable doubt."

3. The assignment of error in regard to ruling out evidence which had previously been admitted shows no cause for reversal. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*