## 13149.  MANNING v. THE STATE.

Cross-examination may be limited by the trial judge within reasonable bounds;  and where, on cross-examination, a witness had given the names of certain persons, and was again asked to give them, it was not an abuse of discretion for the judge to tell the examining counsel not to go over that again.

The circumstances relied on to corroborate the testimony of the accomplice as to the defendant's participation in the manufacture of liquor were slight, but this court can not as a matter of law say that they were insufficient.

DECIDED FEBRUARY 16, 1922.

Indictment for manufacture of liquor; from Floyd superior court — Judge Wright. November 30, 1921.

*Porter & Mebane,* for plaintiff in error.

*E. S. Taylor,* solicitor-general, *J. F. Kelly,* contra.

BLOODWORTH, J.   1.   Ground 1 of the amendment to the motion for a new trial states that when a witness was asked " Who all do you say was interested in that still and making whisky there at it ? " the court said to counsel for defendant: " You have been over that once. Don't go over it again." Counsel for plaintiff in error insists that this action of the judge was " a restriction of defendant's rights and deprived him of his legal right to make a thorough and sifting examination of said witness." This complaint is not justified by the record. The brief of evidence shows that this witness swore that he did not know who owned the distillery, and that he did give the names of the persons who had worked at the still and who had assisted in making liquor there.   " The trial judge has a discretion to control the right of cross-examination within reasonable bounds, and an exercise of this discretion will not be controlled by a reviewing court, unless it is abused." *Fouraker* v. *State,* 4 *Ga. App.* 692 (3) (62 S. E. 116).

2.   The ground of the motion for a new trial which alleges that the court erred in giving a certain charge to the jury is not referred to in the brief of counsel for plaintiff in error, and will be treated as abandoned.

3.   " The circumstances in this case relied upon by the State to corroborate the testimony of the accomplice, as to the defendant's participation in the manufacture of the intoxicating liquor, while slight, were passed upon by the jury under full and careful instructions of the trial judge upon the weight and effect of such evidence; and this court can not say as a matter of law that these corroborating circumstances were insufficient. See *Chapman* v. *State,* 109 *Ga.* 165 (34 S. E. 369)." *Durden* v. *State,* 23 *Ga. App.* 84 (1) (97 S. E. 445).

4.   There was some evidence to support the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*