SIMS *v.* THE STATE.

No. 9195.   MAY 18, 1933.   REHEARING DENIED JULY 14, 1933.

*C. Mortimer Mason* and *Edward T. Hughes,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, John A. Boykin, solicitor-general, T. R. Gress, assistant attorney-general, J. Walter LeCraw,* and *E. A. Stephens,* contra.

BELL, J.   Richard Sims was indicted jointly with Richard Morris and Tom White alias Mose White for the alleged murder of Frank C. Foster.   Upon a separate trial the defendant Richard Sims was convicted without a recommendation, and the death sentence was imposed.   The defendant's motion for a new trial was overruled, and he excepted.   The evidence for the State tended to show that the three defendants named with another man by the

name of Harold White entered a store in the City of Atlanta for the purpose of committing a robbery, and that Foster, a police officer who was in the store at the time, sought to interfere and was shot and mortally wounded by Harold White, but that Harold White was then and there shot and killed by the officer before the officer died. The evidence authorized the inference that the defendant Morris participated in the robbery by exhibiting a pistol and by other acts, and that he was guilty of the homicide as alleged. See, in this connection, *Morris* v. *State,* ante, 106.

■ In the first special ground of the motion for a new trial it is complained that the court erred in refusing a motion for a continuance. In this motion it was urged by counsel for movant that "with the verdict rendered yesterday in the trial of another defendant in this case, which has been published in the papers, and the activity of the police department to see to it that all of these boys get the electric chair, and not willing to compromise and give them a chance, . . public opinion is inflamed and the trial should be delayed." The movant's attorney further stated: "The majesty of the law is not suffering by them lying in jail. They are human beings and are entitled to some consideration, and I consider that my client's interests are much more jeopardized now than they would be by a little more delay. Another thing, my client did not know until yesterday—we did not know that there were three different statements. . . I consider it very important that those papers be all read before the jury. There are a number of reasons why I think there should be a continuance. The question of a little expense should make no difference. It makes no difference to the police department. They are not willing to allow him to make a plea and get mercy. I do not expect my client to go free. I ask you to continue this case until sometime later. I don't think that next week is proper. I think it should be some time later, and I don't think the majesty of the law is being hurt in any way. We need to show in this court-house that justice and mercy is running these courts, and your honor has a right to determine it. I ask that the case be continued for a reasonable length of time. I make the motion on the further ground that until yesterday did this client through his counsel learn that evidence would be presented against him with reference to a drug-store robbery, where Harold White and his brother were the leaders and he was outside holding a pistol on the delivery-boy."

The above is not a full quotation of the statement made by the attorney, but the additional matters referred to were not such as to strengthen the motion for a continuance, which depended alone upon the statement of counsel. In the motion for a new trial various arguments are advanced as to why the case should have been continued, but the contentions thus presented can not enlarge the facts upon which the motion for a continuance was predicated as they were stated at the time the motion was made. Compare *Henslee* v. *Harper,* 148 *Ga.* 621 (97 S. E. 667) ; *Jenkins* v. *Jenkins,* 150 *Ga.* 77 (102 S. E. 425). "All applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused, as the ends of justice may require." Civil Code (1910), § 5724. No abuse of discretion on the part of the trial judge appears in this case. *Horton* v. *Stone,* 158 *Ga.* 499 (123 S. E. 862).

■ It is contended that a new trial should be granted because of a colloquy which took place between the trial judge and counsel for the movant while one of the State's witnesses, C. P. Stephens, was testifying on cross-examination by counsel for the movant. The trial judge appended a note relating to this ground of the motion. Even if the explanation by the judge does not amount to a disapproval of this ground, we are yet obliged to consider the motion in the light of the judge's statement, and we quote from this statement as follows: "Counsel for defendant had asked the witness C. P. Stephens the following question: 'Did you not testify yesterday that this negro Harold White failed to pay either for the potato chips or the lady lock?' and had same answered three times. On the question being asked the fourth time the court said to counsel for defendant: 'He has answered the question three times.' Counsel then stated that. The court reminded counsel again that he had asked this question three times. Counsel then stated that he wanted to develop the thought, to which the court said: 'You can come back to that.' Counsel then said: 'I want to stay on it now, and ask the privilege to do this,' or words to that effect. The court said to counsel, 'Go ahead.' Immediately counsel asked the same question again. The court said to counsel: 'Don't ask that question any more.' Counsel asked that the jury retire, and the court declined to allow this. Counsel then made a motion to declare a mistrial on account of the court's attitude. This motion was over-

ruled. The court then reminded counsel that he had had the question answered three times, and requested counsel to go on to something else. Then counsel said: 'I want it in the record that I make a motion for mistrial on account of the attitude of the trial judge toward counsel for defendant when counsel for defendant is cross-examining with reference to a very important matter which counsel says might affect the interest of his client.' The court overruled the motion again, and said to counsel: 'That will do; go ahead.' Counsel stood for a few seconds, not saying anything. The court again said to counsel, 'Go on.' Counsel replied: 'I am not ready to go; I will not do it,' or words to that effect. The court, being somewhat surprised at this uncalled for and unprovoked remark, said nothing for a few seconds, and before the court made any further directions counsel, apparently with some feeling, said: 'I make a motion for a mistrial further on the ground—'. To avoid a further discussion and further words in the presence of the jury (the court having expressed no resentment at the attitude of counsel, and declining to rebuke him in the presence of the jury), the court directed the jury to retire. After the jury had retired and out of their presence the following took place: Counsel: 'I want to add to my motion, and want the stenographer to take it down.' The reporter was at his table taking the entire case in the presence of counsel, all of which counsel well knew; and because of the manner of the request the court asked counsel to withdraw the remark. Counsel: 'I do not withdraw that remark. I have a right to ask that it be taken. I want to add to my motion for a mistrial that I am entitled to a mistrial on account of the trial judge's statement in the presence of the jury, "Don't you ask that question any more, but go ahead," and that the trial judge repeated that three times in the presence of the jury.' The court then stated: 'I overrule the motion. Now, Mr. Mason, you will have to be more courteous.'

"A recess was taken for a few minutes at this time. After the short recess the jury returned to the court-room, and the court on his own motion, after some reflection in his room, called back to the witness-stand the witness C. P. Stephens, and directed counsel for the defense to ask the witness any question he wanted, and told him that he might go over this same question he had asked three times again. The cross-examination proceeded, and counsel was

not denied the privilege of asking any question he wanted to. Counsel had told the court, upon the witness C. P. Stephens first taking the stand, that he, counsel, wanted an opportunity to go across the street for a headache tablet a little later,—that he had a fearful headache. The recess was taken for this purpose, and when counsel returned in better shape, apparently, the court ignored the above colloquy, and did not make reference to it again during the trial."

It has often been said that the right of cross-examination thorough and sifting should not be abridged. *Barnwell* v. *Hannegan,* 105 *Ga.* 396 (31 S. E. 116); *Becker* v. *Donalson,* 133 *Ga.* 864 (4) (67 S. E. 92). This does not mean that the court is wholly without authority to direct and control the exercise of such right. In *City Bank* v. *Kent,* 57 *Ga.* 283, it was held that when even a party is under cross-examination, the court may exercise a sound discretion in requiring counsel to make the relevancy of his questions apparent. In the case of *McLeod* v. *Wilson,* 108 *Ga.* 790 (2) (33 S. E. 851), it was held that there was no abuse of discretion in refusing, on the cross-examination of a witness, to allow questions repeated that had been asked and fully answered. In *Alabama Construction Co.* v. *Continental Car Co.,* 131 *Ga.* 365 (3) (supra), it was said: "An opportunity for a thorough and sifting cross-examination should be allowed, but the presiding judge may restrain useless and unnecessary repetition of questions." See also *Fouraker* v. *State,* 4 *Ga. App.* 692 (3) (52 S. E. 116); *Manning* v. *State,* 28 *Ga. App.* 241 (110 S. E. 747). In the present case it is contended that the rulings of the court not only denied a reasonable opportunity for cross-examination, but tended to impress the jury that the defendant's attorney was in disfavor with the court, to the hurt and prejudice of the defense. These contentions are not sustained by the record. The court did not err in refusing to grant a mistrial.

In ground 6 of the motion for a new trial error was assigned upon a long extract from the charge of the court in which the jury were instructed as to the law relating to the subject of conspiracy and as to the definitions of direct and indirect evidence. It is alleged that this charge placed "undue emphasis on the question of conspiracy from the standpoint of the State," with no reference to the statement of the defendant in which he denied entering into

any conspiracy, and that in giving this charge the court should have called attention to the statement of the defendant in which he claimed that he did not enter into or participate in any conspiracy to rob or to kill. While the above statement is not a repetition of the entire ground here under consideration, it is a sufficient statement of the contentions therein made.

In the charge excepted to the trial judge was simply stating the general principles of law which were applicable to the case. In this connection he made no reference to the evidence introduced either by the State or by the defendant, or to the defendant's statement, and the charge was not erroneous for any reason assigned. "The judge can properly frame his general charge to the jury upon the evidence alone, appropriately instructing them, however, at some stage thereof, with respect to the defendant's statement." *Daniels* v. *State,* 162 *Ga.* 366 (133 S. E. 866).

In ground 9 error was assigned upon the following charge: "The defendant has the right to make to the court and jury a statement in his own behalf, which is not under oath. That statement may be accepted by you in preference to the sworn testimony in the case, or you can ignore it altogether. You may reject it in whole or in part, you could ignore it, or you can accept it in part and reject it in part. His statement deserves such weight, and such weight only, as you think it should have." It is contended that this charge was erroneous, because of the use of the words "accept," "reject," and "ignore," the definitions of these words being stated by movant as follows: The word "accept" conveys the idea of "involuntarism or resigning onesself to a thing after it is pushed upon one;" the word "reject" means "to send away or refuse to receive, to repel, to decline." "Ignore" means "to pass without notice, to leave out of consideration or account." It is our opinion that the charge under consideration was not a restriction of the defendant's right to make a statement as provided in the Penal Code, § 1036. The word "accept" was obviously used in the sense of "believe," and the words "reject" and "ignore" in the sense of "disbelieve." The jury could not reasonably have understood this charge as authorizing them to pass over the defendant's statement without notice or without considering it for the purpose of determining whether they would believe it or disbelieve it in their endeavor to arrive at the truth; and this is especially true in view of other references

made to the defendant's statement as indicated in the next succeeding division of this opinion. See, in this connection, *Westbrook* v. *State,* 97 *Ga.* 189 (2) (22 S. E. 398); *Mason* v. *State,* 97 *Ga.* 388 (23 S. E. 831); *Suple* v. *State,* 133 *Ga.* 601 (2) (66 S. E. 919); *Mitchell* v. *State,* 147 *Ga.* 468 (94 S. E. 570); *Harris* v. *State,* 19 *Ga. App.* 741 (92 S. E. 224); *Mathis* v. *State,* 16 *Ga. App.* 381 (3) (85 S. E. 352).

■ It is complained that the court erred in giving the following charge: "Of course you should reconcile all testimony in the case if you can, so as to impute perjury to no one. You should, if you can, make a verdict that will satisfy your conscience, and you should reconcile the testimony in the case and the defendant's statement without imputing perjury to any one, but if you can not do this, you must give weight and credit to that testimony which under all the circumstances of the entire case seems to be most worthy of credit." It is alleged that this charge was error because "the jury had the right to believe the defendant's statement in preference to the sworn testimony, in the event they could not reconcile the testimony and the defendant's statement;" and "being the last expression of the court in his charge on the question of how the jury should consider the defendant's statement, and itself being an erroneous statement of the law on the question, is bound to have made the more lasting impression on the minds of the jury, as said excerpt from the charge of the court complained of as error was the last thing on the question of the defendant's statement which was put into the minds of the jury, and carried as it did the inference that perjury might be imputed to movant, although movant could not be guilty of perjury because his statement to the jury was not under oath." While we do not approve the excerpt here under review as being an apt statement of the law, we do not think it amounted to such a serious error as to require a new trial. In the charge referred to in the preceding division, the jury were adequately instructed as to their right to consider and believe the defendant's statement in preference to the sworn testimony. The court also charged the jury that "they were the sole judges of the credibility of the witnesses," and "of the credibility of the defendant's statement and its weight;" and that if they had a reasonable doubt of the defendant's guilt, "after having heard the evidence and the defendant's statement, and having weighed the case thor-

oughly," they should acquit him. The general charge concluded with this admonition: "When you have made a verdict, when you have considered the case fairly and conscientiously, and when you have made a verdict that satisfies your minds and consciences (and of course you are to try the case without regard to who is on trial, under the evidence in the case, and I know you will give the defendant fair, impartial and conscientious consideration), and when you have made a verdict that satisfies you and you are satisfied it will satisfy you as long as you can remember it, let it be known, and you will be allowed to publish it in open court."

In *Keller* v. *State,* 102 *Ga.* 506 (9) (31 S. E. 92), this court had under consideration the following charge with reference to the defendant's statement: "If you find the statement consistent and true, you have the right to believe it in preference to the sworn testimony in the case. You should not do so carelessly and capriciously, but under your oaths as jurors, considering the statement in connection with the sworn testimony in the case, and, testing it in the light of that testimony, give it such weight as you think proper." In the decision it was said: "The jury can not believe the statement of the prisoner unless they are persuaded of its truth; nor can they believe such statement *in preference* to the sworn testimony in the case until they have compared the one with the other, determined their preference, and decided which of the two they will accept as the truth. In no other way can they believe one *in preference* to the other. Surely the statute never intended to authorize the jury to *accept* the prisoner's statement without consideration of its own truth and without regard to the existence of the sworn testimony." See in this connection, (Penal Code, 1910), § 1008. Similar charges have been reviewed and held not to be cause for a reversal. *Smalls* v. *State,* 105 *Ga.* 669 (5) (31 S. E. 571); *Hackett* v. *State,* 108 *Ga.* 40 (4) (33 S. E. 842); *Barnes* v. *State,* 113 *Ga.* 716 (39 S. E. 488). Mr. Justice Little dissented from the decision in each of the four cases last cited, except the *Hackett* case, and in that case he agreed merely on authority of the *Keller* case.

In *Morgan* v. *State,* 119 *Ga.* 566 (2) (46 S. E. 836), it was said: "The charge in relation to the weight to be given the defendant's statement was like that in *Hackett* v. *State,* supra, and, while not approved, is not such error as will imperatively require the grant of a new trial." In *Harris* v. *State,* 136 *Ga.* 107 (4) (70 S. E.

952), counsel for the plaintiff in error requested the court to review and overrule the decisions in the *Keller, Smalls,* and *Barnes* cases respectively. In response to this request, the court said: "The decisions in the cases referred to were not rendered by a full bench; and if we thought the decisions, in the particulars named, were unsound, we could refuse to follow them without formally overruling them. The rulings referred to, with respect to the particulars named, we regard as correct, after a careful consideration of the same, for the reasons set forth in the 9th division of the opinion in the *Keller* case." Mr. Chief Justice Fish was absent and did not participate in the decision in the *Harris* case.

In *Jordan* v. *State,* 130 *Ga.* 406 (5) (60 S. E. 1063), this court, by a full bench of six Justices, held as follows: "The court having fully and accurately instructed the jury on the law touching the prisoner's statement, a charge that the jury get the facts from the witness stand, and from no other source, when considered in its context, did not restrict the jury to the testimony and eliminate from their consideration the prisoner's statement, in reaching a verdict." In *Crosby* v. *State,* 43 *Ga. App.* 220 (4) (158 S. E. 633), the defendant complained of the following charge: "If upon a consideration of the evidence in this case you find there is a conflict in testimony between the witnesses, or a conflict between a witness or witnesses and the defendant's statement, it is your duty to reconcile such conflict or conflicts if you can, without imputing perjury to any one witness and without imputing a false statement to the accused. If you can not do that, it then becomes your duty to believe that witness or those witnesses you may think most entitled to belief." The Court of Appeals held that when viewed in the light of the charge as a whole, the excerpt did not amount to an instruction "that if there were conflicts between the defendant's statement and the testimony of any witness or witnesses it would be the duty of the jury to accept and believe the testimony of the witness or witnesses in preference to the statement of the accused."

In *Walker* v. *State,* 120 *Ga.* 491 (48 S. E. 184), the charge on the defendant's statement included the following language: "You should consider carefully the statement made by the defendant, so as to determine whether it is the truth about the manner of the killing. Consider it in connection with all the other facts and circumstances proven to your satisfaction, and see if it is corroborated

by the sworn evidence or any physical facts proven to your satisfaction, or whether it is inconsistent with or contradicted by other facts and circumstances proven to be true in the case to your satisfaction beyond all reasonable doubt; and when you have carefully considered the statement and explanation of the defendant as to how the killing occurred, in connection with and along with the sworn testimony submitted to you, then you will determine what weight and credit you will give to the defendant's statement." In the decision by this court, Mr. Presiding Justice Fish dissenting, it was said: "The charge . . may fairly be construed as merely amounting to an instruction that the jury were authorized, if they saw fit, to consider the statement in connection with the evidence and weigh it all together to see what credit should be given to each. Be this as it may, it was in no sense contradictory to that portion of the charge which gave them the privilege of rejecting the evidence and believing the statement. In this view of the charge, which we think is the proper one to be taken, while it is in a measure open to the criticism made against it, it furnished no ground for the grant of a new trial."

While we have been able to find no case in which either of the appellate courts has considered a charge identical with that involved in the present case, we are of the opinion that the charge here complained of would not be more subject to criticism than those referred to in the several cases cited. The instruction excepted to in this case, when considered in connection with the entire charge, was not such error as to require a new trial.

■ The foregoing will dispose of all of the special grounds of the motion for a new trial, except those which are numbered 8, 10 and 11. Without further prolonging this decision, suffice it to say that we have carefully considered all of these grounds, and have reached the conclusion that each of them is without merit. The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*