## GIBBS, *alias* ANDERSON, *v.* THE STATE.

JENKINS, Justice. 1. The general grounds are neither argued nor insisted upon, and are therefore treated as abandoned. The errors complained of with respect to the admission of testimony and the charge of the court relate to whether the defendant was prejudiced in his right to have the jury recommend mercy.

2. The declarations narrated by the wife in her testimony, to the effect that the deceased, who had been shot through the back with a large shotgun charge, and who died a few hours thereafter, told her upon her reaching the hospital, that "this is a terrible thing," and then proceeded to bid her and his daughter good-bye, and that shortly thereafter he told the wife that he saw heaven and his baby who had died some years previously, all strongly tended to show that the deceased was then and there conscious of his actual dying condition. The court did not err in admitting these declarations over the sole objection that they did not tend to show that the deceased was then and there conscious of his dying condition. See *Lyens* v. *State*, 133 *Ga.* 587, 597 (66 S. E. 792).

3. The declarations by the deceased to the wife being admissible for the purpose indicated, it was not error, in the absence of a request, for the court to fail to charge the jury that they were admitted solely for that purpose. *Central of Ga. Ry. Co.* v. *Brown*, 138 *Ga.* 107 (2) (74 S. E. 839); *Haden* v. *State*, 176 *Ga.* 304, 310 (7, *b*) (168 S. E. 272). Especially would this be true where, as it here appears, the court announced in his ruling that they were admitted solely for such purpose, and such announcement, so far as the record shows, was made in the presence of the jury.

4. In order for the declarations of a decedent as to the cause of his death and the person who killed him to be admitted in evidence against the defendant, it must be made to appear that the person making the declarations was then in the article of death and conscious of his condition. Code, § 38-307. However, it is not necessary that the testimony relating to declarations by the deceased as to the cause of his death, the person who killed him, his dying condition, and his consciousness of such fact at the time the declarations were made, should come from the same witness. *Simpson* v. *State*, 168 *Ga.* 598 (2), 603 (148 S. E. 511). Accordingly, while the testimony of the decedent's wife as to his declarations to her did not indicate the cause of his death or the person who killed him, still, since they strongly tended to show that the decedent was then and there in a dying condition and was conscious thereof, they were admissible to support other declarations made by the decedent to other persons just before the time when they were made to the wife, in which other declarations he had indicated, not only consciousness of his dying condition, but facts going to show the cause of his death and the person who killed him. The declarations made to the wife having been properly admitted as tending to show that the deceased was in a dying condition and conscious thereof at the time other declarations were made to other witnesses as to the cause of his death and the person who killed him, the court, in charging the jury upon the law of dying declarations, did not commit error on the theory urged by the defendant that, since the declarations testified to by the wife did not relate to the cause of his death or the person who killed him, the declarations as related by her could only tend to prejudice the jury in their approach to the question of whether they would recommend mercy.

*Judgment affirmed. All the Justices concur.*

No. 13233. MAY 14, 1940.

*Jesse B. Simmons* and *Otey B. Mitchell,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.