EMMETT *v.* THE STATE.

518

No. 14400. March 11, 1943. Rehearing denied March 23, 1943.

528

532.

*J. Hugh Rogers* and *Charles J. Thurmond,* for plaintiff in error.
*Ellis G. Arnall, attorney-general, G. Fred Kelley, solicitor-general, Claude Shaw* and *A. J. Hartley,* assistant attorneys-general, contra.

BELL, Presiding Justice. (After stating the foregoing facts.)
■ The grounds of the motion for a new trial as designated by numericals in this opinion will refer to the grounds as they appear in the amendment of the motion, but they will be considered in a somewhat different order.

In grounds 1, 4, and 5 the movant complained of the admission of testimony of R. G. (Glenn) McConnell, R. G. McConnell Jr., and Sheriff A. W. Bell, as to statements made by the deceased and offered by the State as dying declarations. All of these witnesses testified regarding a statement made by the deceased at the hospital on the night of January 29, a few hours after he was injured,

and R. G. McConnell Jr. testified regarding a second statement, made to him alone on the following night. The evidence as to each statement was objected to on the grounds, that it did not appear that the deceased was in the article of death and conscious of his condition, that the statement was too remote from the event of death, and that the deceased did not give the defendant's full name, Thomas Emmett, or otherwise sufficiently identify him. The testimony regarding these declarations has been set forth in the preceding statement in connection with these grounds, and will not be repeated here. This evidence, considered with the testimony of the physicians, was sufficient to show prima facie that the declarations of the deceased were made while he was in the article of death and conscious of his condition, and the declarations were admissible in evidence as against the objections urged. "Declarations by any person in the article of death, who is conscious of his condition, as to the cause of his death and the person who killed him, shall be admissible in evidence in a prosecution for the homicide." Code, § 38-307. The declarations were not objectionable because the full name of the defendant was not stated, there being other evidence to show that the name "Emmett" as used by the deceased referred to the accused. Nor was it necessary that the testimony of each witness should disclose that the deceased was in a dying condition and conscious thereof, in order for such testimony to be admissible, but it was permissible to lay the foundation by other witnesses. *Simpson v. State,* 168 *Ga.* 598 (2) (148 S. E. 511); *Gibbs v. State,* 190 *Ga.* 207 (4) (9 S. E. 2d, 248). Moreover, that the declarant was in the article of death and conscious of his condition could be shown by the nature of the wound and other circumstances, and need not appear from the declaration itself. *Simmons v. State,* 181 *Ga.* 761 (2) (184 S. E. 291); *Rouse v. State,* 183 *Ga.* 551 (188 S. E. 904). Nor was either statement on its face so fragmentary or incomplete as to require its rejection. *Park v. State,* 126 *Ga.* 575 (2) (55 S. E. 489); 26 Am. Jur. 435, § 400; 30 C. J. 277, §§ 515, 516; Worthington *v.* State, 92 Md. 222 (48 Atl. 355, 56 L. R. A. 352 , note 428); Daughters *v.* Kentucky, 255 Ky. 172 (73 S. W. 2d, 10, 94 A. L. R. 673, note 679).

Where the foundation for such a declaration has been prime facie established, the evidence is properly admitted, and the ultimate determination as to whether the person making it was in articulo

mortis and realized that death was impending is a matter for the jury. *Findley* v. *State,* 125 *Ga.* 579 (54 S. E. 106).

Should the declarations here have been excluded, as being too remote from the event of death, which did not occur until about three and a half months later? If a declaration is made while the declarant is in extremis as result of an injury, and while he is under a sense of impending death, without hope of recovery, and his death follows as a result of such injury, the fact that death does not immediately follow the declaration will not render evidence of it inadmissible as a matter of law; although if the interval is long, this fact may be some evidence that the declarant had not despaired of recovery. *Parks* v. *State,* 105 *Ga.* 242 (31 S. E. 580); *Davis* v. *State,* 120 *Ga.* 843 (3) (48 S. E. 305); Mattox *v.* U. S., 146 U. S. 140, 151 (13 Sup. Ct. 50, 36 L. ed. 917); 26 Am. Jur. 439, § 408. Despair may exist and be sufficiently proved, although life may have continued longer than was expected. Shepard *v.* United States, 290 U. S. 96 (54 Sup. Ct. 22, 78 L. ed. 196); State *v.* Byrd, 41 Mont. 585 (111 Pac. 407, 414); 13 Words & Phrases, 749. "The actual period of survival after making the declaration is not controlling. The question does not depend upon the length of time between the declaration and the death of the declarant, but upon the declarant's mind at the time of the declaration, and his belief that he is in a dying condition." *Johnson* v. *State,* 169 *Ga.* 814 (3b) (152 S. E. 76). In that case it appeared that the declarant lived about two months after making the declaration. In *Miles* v. *State,* 182 *Ga.* 75 (185 S. E. 286), the period was thirty-three or thirty-four days. Compare *Harper* v. *State,* 129 *Ga.* 770 (3), 774 (59 S. E. 792), where it was said that "The test is not so much the contiguity between the making of the statement and the death of the declarant, as whether they were made in articulo mortis, and when he was conscious of his condition." In State *v.* Craine, 120 N. C. 601 (27 S. E. 72), it was held that a lapse of five months before death would not render the declaration inadmissible.

The present case is distinguished by its facts from *Howard* v. *State,* 144 *Ga.* 169 (86 S. E. 540), where, in reply to a question as to whether he was going to die, the declarant said he was, "if they did not do something for him," and made other statements of similar import. We also consider the instant case as being ma-

terially different from *Mitchell* v. *State,* 71 *Ga.* 128 (2), which has been cited and relied on as practically controlling. In that case, the injury from which the declarant was suffering was such as to deprive him of consciousness that he was even wounded, and it required much effort to convince him of this fact. Other circumstances were mentioned, and the decision was finally predicated upon a combination of circumstances, such as we do not find in the instant case. See 71 *Ga.* 148. The decision in *Darby* v. *State,* 9 *Ga. App.* 700 (3) (72 S. E. 182), is not binding as a precedent upon this court. Furthermore, only two of the three members of the court concurred in that decision. The other cases cited by counsel for the plaintiff in error on admissibility of evidence as to "dying declarations" do not, in our opinion, bear such similarity to the case at bar as to require special mention in this connection.

The foregoing deals sufficiently with the objections that were made, although the argument of counsel has taken a somewhat wider range. *Henslee* v. *Harper,* 148 *Ga.* 621 (97 S. E. 667). There is no merit in grounds 1, 4, and 5.

■ In ground 2 the defendant complained of the following charge: "It is contended by the State that certain statements were made by Mr. Kalb, a joint defendant, in the presence of the accused, Mr. Emmett, that is the defendant on trial, and it is the contention of the State that those statements were made by Mr. Kalb under such circumstances as would require Mr. Emmett to deny the statements as made. Now the court doesn't say any statements were made; the court doesn't say that any denial was not forthcoming, but that is one of the contentions of the State, and you must determine this case not from the contentions but by the evidence and the statement made by the accused. But I charge you in that connection, gentlemen, this principle of law: It is insisted by the State in this case that certain statements were made in the presence and hearing of the defendant, Mr. Emmett, as to who committed the offense and how it was committed, and that he failed to make any answer or any denial under conditions that required an answer or denial by him. Now on that I charge you that acquiescence or silence, when the circumstances require an answer or a denial or other conduct, may amount to an admission by the defendant. It is for you to say whether or not these statements or such statements were made in the presence and hearing

of the defendant, Mr. Emmett, and whether or not the circumstances were such as to require an answer or a denial by him; and if you find that they were made in his presence and in his hearing, and that the circumstances were such that an answer or a denial was required, and that he made none, then you would be authorized to treat such statements as admissions by him."

The movant quoted in this ground certain testimony of the sheriff which he insisted was the only evidence that could be claimed as basis for such instruction, and then assigned the charge as error upon the ground that it appeared without conflict that at the time of the "incident" to which the sheriff referred the movant was in jail, charged with the offense of assault upon the person of Guy McConnell, who had not then died, and was in the presence of the sheriff and solicitor-general, who had endeavored to elicit information in reference to such assault. The movant contended that in these circumstances he had the right to remain silent without his silence being construed as an implied admission, and that the foregoing instruction had the effect of compelling him to be a witness against himself "simply by remaining silent," contrary to the fifth amendment of the constitution of the United States and the similar provision of the State constitution, and deprived him of life and liberty without due process of law, contrary to the fourteenth amendment. It was further insisted that since the testimony of the sheriff related only to statements of Kalb, a co-conspirator, after the transaction had ended, such statement itself would not have been admissible as against Emmett, and it was therefore erroneous for the court to instruct the jury in such way as to permit them to base a verdict upon an alleged admission by silence as to a statement alleged to have been made by an alleged co-conspirator after the transaction had completely ended.

It is declared by the Code that "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission." Code, § 38-409. The authorities are in conflict on whether failure of an accused to deny a statement made in his presence, tending to incriminate him, may be introduced in evidence as an admission, where he was under arrest or in custody under a criminal charge at the time the statement was made. According to some decisions, the mere fact that the accused was under arrest or in custody would not be sufficient to

render the testimony inadmissible, and may be considered only as a circumstance in determining whether the silence of the accused might be taken as an admission. According to other decisions, the evidence would not be admissible at all under such circumstances. 20 Am. Jur. 486, § 574; 26 Am. Jur. 417, § 376.

Counsel for the plaintiff in error rely on *Johnson* v. *State,* 151 *Ga.* 21 (105 S. E. 603), for the proposition that such evidence would be without probative value and inadmissible. While the question was discussed at some length in that case, and the decision contained several broad statements tending to support the contention here urged, the final ruling was that "under such circumstances an implication that silence on the part of the accused amounts to positive evidence of guilt is unwarranted," and that the evidence as a whole was insufficient to support the verdict of guilty. Only three Justices concurred in the opinion as written, one merely concurring in the judgment and two dissenting on the ground that the evidence was sufficient to support the verdict. In *McCormick* v. *State,* 176 *Ga.* 21 (1) (166 S. E. 762), similar evidence was admitted over the objection, among others, that at the time of the statement the defendant was confined in the common jail, and was in the presence of the prosecuting attorney and deputy sheriff, with "nobody present to look after his interests." It was held by this court that the judge "did not err in admitting this evidence over the objections presented, none of which show any legal reason why the evidence was inadmissible." In our opinion, the mere fact that the accused is under arrest or in custody would not render such evidence inadmissible, or make it improper to instruct the jury in reference thereto, although in so doing the judge should be careful to inform the jury that they are to determine whether under all the circumstances an answer or denial was required. *Hammond* v. *State,* 156 *Ga.* 880 (120 S. E. 539). The charge complained of in ground 2 conformed to this view, and was not erroneous as contended. Compare *Cobb* v. *State,* 27 *Ga.* 648 (4), 698; *Franklin* v. *State,* 69 *Ga.* 36 (2, 3); *Smiley* v. *State,* 156 *Ga.* 60 (118 S. E. 713); *Simmons* v. *State,* 181 *Ga.* 761 (5) (184 S. E. 291); *Elliott* v. *State,* 190 *Ga.* 803 (5) (10 S. E. 2d, 843). This ruling will also control ground 3, complaining of the admission of testimony. The evidence was not inadmissible for any reason stated in the objection.

█ In ground 3 the defendant assigned error upon the ruling of the judge admitting the following testimony of A. W. Bell, sheriff of Hall County: "In my conversation with Thomas Emmett when he made these statements to me that I have already testified about, he said he got the automobile they came up there in, in Atlanta. He did not say exactly what street he got it on, but he said he got it in Atlanta. He said he stole it. The automobile was carried to Forsyth County and from there delivered back to the owner."

This evidence was objected to on the grounds that it was irrelevant and prejudicial, and tended to place the defendant's character in issue. The court overruled the objection, and instructed the jury to consider the evidence only as it might illustrate motive, intent, or conduct.

If the testimony had related merely to the theft of *an* automobile, its admissibility might be doubtful; but since it concerned the particular automobile that the defendant had in his possession at the time of the homicide, we have no hesitancy in holding that it was admissible for the purpose stated by the judge. If the defendant did in fact steal the particular automobile as stated, the offense was repeated in Hall County, and even on McConnell's premises, on the very day and occasion of the homicide. To this extent, at least, the offense was a continuing one, and evidence of it would tend to illustrate the defendant's state of mind at the time, and to show a motive for the killing. Code, § 26-2602; *Farmer* v. *State,* 100 *Ga.* 41 (2) (28 S. E. 26); *McCoy* v. *State,* 123 *Ga.* 143 (51 S. E. 279); *Lanier* v. *State,* 25 *Ga. App.* 489 (2) (103 S. E. 730). An intent to steal is an element of the offense of robbery; and there was other evidence to support the theory that McConnell received the wounds from which he died during the commission of a robbery upon him, and that such robbery was the motive. As to elements of robbery, see *Moyers* v. *State,* 186 *Ga.* 446, 448 (197 S. E. 846).

The general rule is that the character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. Code, § 38-202; *Cawthon* v. *State,* 119 *Ga.* 395 (4) (46 S. E. 897); *Lanier* v. *State,* 187 *Ga.* 534 (3) (1 S. E. 2d, 405). While, under this

general rule, evidence as to commission of a crime separate and distinct from the alleged offense for which the defendant is on trial is generally irrelevant, the rule is subject to well-established ·exceptions, one of which is that evidence of another offense may be submitted for the purpose of showing motive, plan, or scheme. *Wilson* v. *State,* 173 *Ga.* 275 (2) (160 S. E. 319); *Cooper* v. *State,* 182 *Ga.* 42 (3) (184 S. E. 716).

It appears in this case that McConnell was mortally wounded in his own home, and apparently by strangers. There were no eye-witnesses, and inquiry would naturally lead to a consideration of the circumstances. Was the killing murder, or were there circumstances of mitigation or justification? While proof of a particular motive is not essential to establish the crime of murder, it is always relevant and admissible as a circumstance. *Hunter* v. *State,* 188 *Ga.* 215, 217 (2) (3 S. E. 2d, 729).

The evidence to which objection was made tended to show a present state of mind inclined to theft or larceny; and since it thus corroborated the other evidence on the issue as to motive, the objections urged were not well taken. *Hill* v. *State,* 161 *Ga.* 188 (2) (129 S. E. 647); *Green* v. *State,* 172 *Ga.* 635 (3) (158 S. E. 285); *Suber* v. *State,* 176 *Ga.* 525 (168 S. E. 585); *Black* v. *State,* 187 *Ga.* 136, 137 (3) (199 S. E. 810).

■ The judge charged the jury as follows, in reference to the defendant's statement: "The defendant, Thomas Emmett, has made to the court and jury, as he had a right to do, a statement. His statement, under the law of this State, is not made under oath; he is not subject to cross-examination except by his own consent; yet you as a jury have a right to believe his statement in whole, believe it in part, and to believe it in preference to any or all of the sworn testimony if you see proper to do so. In other words, gentlemen, you as the jury have a right to believe the unsworn statement of the defendant in preference to any of the sworn testimony in this case, if you see proper to give it that weight and that place and that importance in the trial of this case."

In ground 11, the defendant assigned error upon the last sentence of the foregoing excerpt, on the grounds: (a) It was not sound as a matter of law, and was an incorrect statement of the law; (b) the jury had the right to believe the statement of movant in preference to the sworn testimony, and it was their duty to ac-

cept it if in their opinion it was the truth, and the criterion by which the jury were bound to accept or reject it was whether in their opinion it was true, and therefore, it was erroneous to submit an issue to them as to whether the statement was important or unimportant; (c) the expression, "if you see proper to give it that weight and that place and that importance in the trial of this case," amounted to an intimation and an expression of an opinion by the court that the statement of movant was of little importance and entitled to no consideration, but that the jury had the power to believe it if they wanted to do such a violent thing; (d) the court should have instructed the jury that they could believe the statement in preference to the sworn testimony if they thought it was the truth, without using the language, "if you see proper to give it that weight and that place and that importance in the trial of this case."

The movant states the correct criterion by which the jury should appraise a defendant's statement; and it is true also that the defendant in a criminal case is entitled as a matter of law to have his statement considered and weighed by the jury without any disparagement by the court. The jury may believe the statement in preference to the sworn testimony, if they find that it is true, and there is no other standard.

The judge elsewhere instructed the jury that the object of all legal investigations is discovery of the truth, and charged them as to reasonable doubt, whether arising from the evidence or the defendant's statement, and as to their duty; in case of conflict, "to believe that witness or those witnesses or the defendant's statement, whichever in your opinion is most worthy of belief," this being "a matter entirely for the jury to determine." When the excerpt complained of is considered with the entire charge, it clearly made truth the criterion, and the only criterion, as to whether the jury might believe the defendant's statement in preference to the sworn testimony. While the last sentence may have been superfluous, it did not withdraw or qualify the other instructions, but left the jury free to accept or reject the statement according to their opinion as to its truth, and was not erroneous as contended. See, in this connection, *Hendricks* v. *State, 73 Ga. 577; Walker* v. *State, 120 Ga. 491 (48 S. E. 184); Field* v. *State, 126 Ga. 571 (4) (55 S. E. 502); Delk* v. *State, 135 Ga. 312 (2)

(69 S. E. 541, Ann. Cas. 1912A, 105); *Sims* v. *State,* 177 *Ga.* 266 (4) (170 S. E. 58); *Smith* v. *State,* 179 *Ga.* 791, 794 (177 S. E. 711); *Douberly* v. *State,* 184 *Ga.* 573 (4), 575 (192 S. E. 223). We take occasion to say once more, however, that it would always be safer to follow the clear and explicit language of the Code, rather than to risk the possibility of some unguarded and inapt expression which might be misunderstood by the jury. Code, § 38-415.

■ In ground 12 the movant assigned error on the following charge: "If you find from the evidence beyond a reasonable doubt that these defendants, or this defendant together with another party not on trial, were committing robbery on Mr. Guy McConnell, which is a felony under the law of this State, and if in the commission of such robbery, or in their effort to commit the robbery, a mortal blow was inflicted upon Mr. McConnell and he died from that, then I charge you, gentlemen of the jury, that that would be murder under the laws of this State."

This charge was criticised upon the ground that it was based upon stated evidence of the sheriff as to confession of a robbery by movant and his codefendant, and was erroneous and prejudicial, because there was no corroboration of the alleged confession, and no evidence authorizing submission of such an issue to the jury. There is no merit in this exception. See *Gore* v. *State,* 162 *Ga.* 267 (134 S. E. 36); *Simpson* v. *State,* 168 *Ga.* 598 (148 S. E. 511); *Simmons* v. *State,* 181 *Ga.* 761 (184 S. E. 291); *Jenkins* v. *State,* 190 *Ga.* 556 (9 S. E. 2d, 909).

■ In ground 10 the movant complained of the refusal of the judge to charge the following, as requested: "If from the evidence or from the defendant's statement you should believe that the defendant did not in fact intend to kill the said Guy McConnell, then you would not be authorized to convict for the offense of murder." The court did not err in refusing to charge as thus requested. To have done so would have ignored the principle that if an involuntary killing should happen in the commission of an unlawful act which in its consequences naturally tends to destroy the life of a human being, the offense shall be adjudged to be murder; and would also have read out of the case the evidence which tended to show that McConnell was killed in the commission of a robbery upon his person. Code, § 26-1009. There is

no merit in this ground. This ruling will apply also to grounds 8 and 9, complaining in like manner of refusal to give requested charges.

■ In ground 6 the defendant complained that the judge erred in charging the jury on the subject of drunkenness, when the jury after deliberating for some time informed the court that further instruction was desired. The motion contained the following statement as to what occurred at this time: ' The court: "Mr. Foreman and gentlemen of the jury, you say you want to be reinstructed—want some further instruction?" Foreman: "Yes, sir." The court: "What is the point you want instruction about?" Foreman: "We would like to know if the condition of the deceased or of the defendants or their reputation, whether they were drunk or sober would have any bearing on our verdict?" The court. "All right. Gentlemen, I charge you that if you find from the evidence that the defendant, Mr. Emmett, was intoxicated and that intoxication was produced by his own voluntary act, that it would be no justification to him if during his intoxicated condition which was a voluntary act on his part—that would be no defense if he unlawfully while in that condition took the life of the deceased. I charge you that if the deceased himself was intoxicated, that is, if Mr. McConnell was intoxicated, or, if he was drinking, that that of itself would give the defendant no right unlawfully to take his life. Now does that cover the point you had in mind?" Foreman: "I think it does." The court: "All right, you may retire."

This was the only charge that was given in response to request for further instruction. The jury retired to their room, and in about five minutes returned the verdict finding the defendant guilty, without a recommendation. It was contended that the jury could have found from the evidence that the defendant was intoxicated at the time of the killing, and that all of the persons involved had been drinking intoxicating liquors; and it was insisted that in these circumstances the recharge was erroneous and prejudicial, for the following reasons: (a) It was not sound as a proposition of law; (b) it did not embrace the principle that drunkenness like any other fact might be considered by the jury to illustrate the question of intent and motive in the commission of an act and to shed light upon the transaction, and therefore it was not a complete statement of law on the question involved. The

court, having undertaken to instruct the jury on the question of what effect drunkenness might have had on the transaction, was in duty bound to give a complete statement of the law pertinent to that issue, and the failure so to do was error harmful and prejudicial to movant; (c) it did not fully present both aspects of the case, and gave only part of the information requested by the jury; (d) it failed to call the attention of the jury to the view of the facts consistent with innocence, and only called attention to that view suggesting guilt; (e) nowhere in this charge was the jury instructed that drunkenness could be considered as a circumstance in determining the intent of the defendant to murder the deceased; and (f) nowhere in the charge was the jury instructed as to the reputation of either the deceased or the defendant as to drunkenness or soberness, as requested by the jury.

It is declared in the Code that drunkenness shall not be an excuse for any crime or misdemeanor; unless it was occasioned by the fraud, artifice, or contrivance of another person for the purpose of having a crime perpetrated. Code, § 26-403. Whether or not under the facts of the instant case it would have been proper to instruct the jury further that drunkenness may be considered on the question of intent and motive, and to shed light upon the transaction, the mere failure to add such further instruction without request of the defendant was not erroneous. Nor is there merit in the other exceptions to the charge as given in reply to the jury's request. See, in this connection, *Jenkins* v. *State,* 93 *Ga.* 1 (2) (18 S. E. 992) ; *Dickens* v. *State,* 137 *Ga.* 523 (5) (73 S. E. 826) ; *Hicks* v. *State,* 146 *Ga.* 221 (5) (91 S. E. 57) ; *Cone* v. *State,* 193 *Ga.* 420 (4), 432 (18 S. E. 2d, 850). Nothing to the contrary was ruled in *Gravett* v. *State,* 74 *Ga.* 191 (2).

■ In grounds 7 and 14 the movant complained of a ruling admitting in evidence certain articles of personalty, to the introduction of which the defendant objected on the ground that they had not been sufficiently identified, and on other grounds. There was no merit in any of the objections urged, and the court did not err in admitting the evidence.

■ The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*