DECIDED NOVEMBER 12, 1929.

*H. J. Lawrence*, for plaintiff.
*J. C. Bennett, H. L. Williams, John Rogers*, for defendant.

## 19681.  KNIGHTON *v.* THE STATE.

DECIDED NOVEMBER 12, 1929.

*C. W. Worrill*, for plaintiff in error.
*B. T. Castellow, solicitor-general, Bond Almand*, contra.

LUKE, J.  1.  The defendant was convicted of simple larceny, the theft being that of a cow.  He assigns error upon the overruling of his motion for a new trial.  In his statement the defendant said: "I have never been accused of doing anything like this before."  In rebuttal of this statement the State introduced evidence to the effect that his general reputation for stealing was bad.  Defendant's counsel objected to such testimony, and the court ruled as follows: "When the defendant says he has never been accused of anything like this before, 1 think the State should be allowed to go into what would be covered by his statement.  He can not go into his

general character, but would be confined to the question of larceny." The court's ruling was correct. See *Cowart* v. *State*, 33 *Ga. App.* 122 (125 S. E. 770); *Rhodes* v. *State,* 33 *Ga. App.* 827 (128 S. E. 217). This ruling disposes of the first seven special grounds of the motion for a new trial.

2. The court did not err in failing to give in charge section 1017 of the Penal Code, as to the proof necessary where the only witness is an accomplice. Under the evidence, the jury would have been authorized to find that the State's witness, Theo Hollins, was not an accomplice. However, the testimony other than this was amply sufficient to connect the defendant with the commission of the crime. See *Ware* v. *State*, 18 *Ga. App.* 107 (89 S. E. 155); *Solomon* v. *State*, 18 *Ga. App.* 744 (90 S. E. 488).

3. The evidence authorized the verdict, no error of law appears, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*