### 23766. SULLIVAN v. THE STATE.

MOBLEY, Justice. Charles Sullivan, Jr. was tried and convicted of robbery by open force and violence and was sentenced to four years imprisonment in the penitentiary. From this judgment and sentence he filed notice of appeal, and enumerates seven errors in the trial of the case. Ralph T. Gault, the victim of the robbery, testified that after he had bought groceries and some bottles of wine, he went to his home at 203 E. Hunter Street in Atlanta, where he rented a room; that he and defendant and four or five other people drank wine together during the afternoon; that about 4 or 4:30 p.m. defendant knocked on his door and when he refused to open it, defendant kicked the door open and struck at his throat with a knife; that defendant ordered him to

turn over on a settee and he then "went into my pockets and taken my change" amounting to "something over a dollar and a half," and that he didn't get the rest of the money he (Gault) had from his Social Security check because he had it in his sock; that defendant hit him in the eye and hit him in the stomach with his fist while taking the money; that he (Gault) telephoned the police who promptly responded to the call, arriving at the site of the crime within 10 or 15 minutes, and that defendant ran upon seeing the police. According to the testimony of J. F. Howard, one of the arresting officers, he chased defendant, lost him momentarily, and then with the help of another officer, McConnell, they found defendant again; that defendant violently resisted arrest, hitting him (Howard) with a chair and fracturing three of his ribs and attacking Officer McConnell with a metal ash tray, and that he shot at defendant and finally stopped him with a shot as he fled from them again. *Held:*

1. Errors 1 and 2 are to the refusal of the court to allow counsel for appellant to be heard on the relevancy of two questions propounded to witness Gault before sustaining the objection made by counsel for the State. Appellant contends that the failure of the court to hear from counsel for the appellant, before ruling upon the objection, denied appellant the benefit and assistance of counsel for his defense in violation of the 6th and 14th Amendments to the Constitution of the United States.

This contention is wholly without merit as this does not amount to denial of counsel. Where objections are made to the admissibility of evidence, the court must rule thereon, and there is no requirement that he must hear from counsel before doing so. Why should the court listen to argument on admissibility of evidence when he has decided how he is going to rule? Defendant is fully protected by his right of appeal and reversal of the court, if it is in error. It so happens here that the questions asked by counsel were not relevant to the issue, and he was not harmed by the court's ruling without hearing from him.

2. Errors 3, 4, 5, and 6 are to rulings by the court sustaining objections interposed by the State to questions propounded by counsel for the appellant on cross examination. Appellant contends that the court unduly restricted his right to cross examination. *Code* § 38-1705 gives to every party the right

to a thorough and sifting examination of witnesses called against him. However, as stated in *Moore v. State,* 221 Ga. 636, 639 (146 SE2d 895) and in numerous other decisions of this court: "The scope of the cross examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused." See also *Gravitt v. State,* 220 Ga. 781, 785 (6) (141 SE2d 893); *Post v. State,* 201 Ga. 81, 84 (39 SE2d 1). The trial judge may restrict the cross examination to matters material to the issues (*Waller v. State,* 213 Ga. 291, 294 (99 SE2d 113); *Clifton v. State,* 187 Ga. 502, 508 (2 SE2d 102)), and "may also restrain useless and unnecessary repetition of questions which have been asked and fully answered." *Clifton v. State,* supra; *Sims v. State,* 177 Ga. 266 (2) (170 SE 58); *Thompson v. State,* 166 Ga. 758 (10) (144 SE 301). The errors enumerated are to rulings made during the cross examination of the prosecuting witness, Gault. This cross examination comprises 57 pages of the transcript of the evidence and, according to a statement by the trial judge, lasted some 2½ hours. As to the matters raised by Errors 4, 5, and 6, the trial judge did not abuse his discretion in sustaining objections to the questions propounded to the witness, since the questions obviously sought a repetition of matter previously brought out during the cross examination. As to Error 3 to the sustaining of the State's objection to the question "Was she underneath or outside of the sheets?" the court did not abuse its discretion since the question was clearly immaterial to the issues in the proceeding.

3. Error 7 is to the admission of testimony of witness J. F. Howard, an arresting officer, concerning the arrest, his conduct, and statements of the defendant at the time of his arrest. Defendant states that the question raised by this enumeration is whether or not evidence of the alleged flight of the defendant is relevant where such flight occurred some fifteen minutes subsequent to the alleged robbery. Yet he does not argue this point in his brief. The fact of flight may be given in evidence to be considered on the issue as to guilt of the accused. *Kettles v. State,* 145 Ga. 6 (88 SE 197). See also *Thomas v. State,* 129 Ga. 419 (59 SE 246); *Grant v. State,* 122 Ga. 740, 743 (50 SE 946). The fact that the flight in the case at bar occurred some 15 or 20 minutes

after the alleged crime does not render it irrelevant per se and testimony relating thereto inadmissible. Evidence of flight occurring a month after the crime was allegedly committed has been held admissible. *Fulford v. State,* 221 Ga. 257 (2) (144 SE2d 370). For this reason, the trial judge did not err in admitting the testimony of the witness, J. F. Howard.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 12, 1966—DECIDED NOVEMBER 4, 1966.

*Edward T. M. Garland, Garland & Garland, Reuben A. Garland,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Carter Goode, Arthur K. Bolton, Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.