## 51664. JOHNSON v. THE STATE.

CLARK, Judge.

Defendant was charged with murder in connection with the shooting death of Wallace Gant. He was tried before a jury and found guilty of the lesser offense of voluntary manslaughter. Appeal is brought from the denial of defendant's amended motion for a new trial. *Held:*

1. Error is asserted upon the general grounds. The victim's wife testified that defendant provoked a fight with the deceased. The two men fought for a few minutes before separating. Defendant then pulled a gun from his coat pocket and shot the deceased, who had no weapon in his possession. The doctor who performed the autopsy stated the victim died as a result of two gunshot wounds, one inflicted through the chest and the other through the back. Defendant testified that the deceased provoked the fight and that after they separated from their struggle, the adversary advanced toward him with his hands in his pockets. Defendant claimed his personal disparity in age, physique, and health contrasted with the opponent's youth, size and physical attributes caused him to fear that the latter had a weapon in his pocket and that he shot in self-defense.

"After the verdict, the testimony is construed in its most favorable light to the prevailing party, which in this case is the State, for every presumption and inference is in favor of the verdict." *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Green v. State,* 123 Ga. App. 286, 287 (180 SE2d 564). The state's evidence was more than sufficient to authorize the jury's conclusion that defendant was guilty of voluntary manslaughter. Defendant's enumeration of error upon the general grounds is therefore without merit.

2. Defendant's remaining enumeration contends that the trial judge improperly limited and impaired his right to cross examine the victim's wife. Defense counsel had been conducting a lengthy examination of this witness and had questioned her several times concerning the deceased's position at the time the second shot was fired. The witness had, in each instance, given a complete answer and, additionally, a demonstration of the position of the body. Upon further questioning on this subject, the district attorney offered an objection which the court sustained.

Pursuing personalized provincial picturesque pleading, defendant's attorney orates that "Court appointed counsel for appellant is just as big a country Cracker as the District Attorney and can with impunity respectfully submit to this honorable Court that appellant did not get a fair shake in his trial." (Brief, p. 6). The three city Crackers[1] comprising this judicial Division disagree; our view of the trial transcript discloses his client received a fair trial with no legal error.

It is, of course, true that the right to a thorough and sifting cross examination may not be abridged. Code § 38-1705; *Ralph v. State,* 124 Ga. 81 (52 SE 298). But the permissible scope of cross examination is not unlimited. *Geiger v. State,* 129 Ga. App. 488, 496 (4) (199 SE2d 861). "The scope of the cross examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused. [Cits.]" *Sullivan v. State,* 222 Ga. 691, 693 (152 SE2d 382). It has been held that the exclusion of unnecessarily repetitious

_____

[1]For generations Georgians have proudly borne this chauvinistic cognomen. Historians disagree as to its origin. Some attribute it to the custom of wagoners cracking their whips. Others assert it to be a corruption of a Scottish word designating a certain class of independent yeomanry. It may be derived from the Scottish word "craker"—a boaster. A fourth version contends it is a shortened form of corncracker, cracked corn having been a favorite food.

questions which have been previously propounded and answered does not constitute an abuse of discretion. *Sims v. State,* 177 Ga. 266 (170 SE 58); *Watson v. State,* 192 Ga. 679 (16 SE2d 426); *Jones v. State,* 135 Ga. App. 893, 897 (5) (219 SE2d 585). Accordingly, we find no error in the trial judge's ruling.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JANUARY 13, 1976 — DECIDED JANUARY 19, 1976.

Roberts, Roberts & Rainwater, Guy V. Roberts, Jr., for appellant.

*D. E. Turk, District Attorney,* for appellee.