52232. MIMBS v. THE STATE.

CLARK, Judge.
Defendant was charged, by indictment, with the offenses of aggravated assault and terroristic threats. At

his trial before a jury, defendant insisted upon his right to represent and defend himself. At the urging of the trial court, however, defendant permitted court appointed counsel to remain as his "advisor" throughout the trial. Defendant was convicted of aggravated assault, but acquitted of the terroristic threats charge. New counsel was subsequently appointed for this appeal. *Held:*

1. The state's evidence showed that defendant drove to his former wife's place of employment and ordered her to enter his car. When she refused and attempted to run away, defendant pursued, firing several shots from his pistol in her direction. Defendant eventually cornered the victim and dragged her back to his car. When she again attempted to escape, he shot and wounded her.

The evidence was more than sufficient to support the jury's verdict. The general grounds are without merit.

2. The indictment charged defendant with the offense of aggravated assault in that the accused, on April 26, 1975, did "make an assault upon the person of Julie Ann Mimbs, with a certain pistol and revolver, the same being a deadly weapon, contrary to the laws of said State, the good order, peace and dignity thereof." Although the indictment was not attacked or objected to prior to trial, defendant now contends that the indictment lacks specificity as to the manner in which the crime was allegedly committed.

" 'While a defendant is entitled to be tried upon a perfect indictment or accusation, such right may be waived by failure to object until after conviction, and unless the accusation or indictment is so defective as to be absolutely void, a motion in arrest of judgment, made after verdict, will not lie.' [Cits.]" *Parham v. State,* 112 Ga. App. 636, 637 (145 SE2d 726). We conclude that the indictment was not fatally defective and defendant's objections to the form of the indictment were waived. See *State v. Siebert,* 133 Ga. App. 775 (213 SE2d 7); *Hubbard v. State,* 129 Ga. App. 793 (201 SE2d 337).

3. Defendant contends that the trial judge expressed an opinion as to his guilt when he instructed defendant to limit his cross examination of a witness to the "aggravated assault case that happened the 26th day

of April." We think it doubtful that the jury could have construed this evidentiary ruling as an expression of opinion as to defendant's guilt. In any event, defendant's failure to offer a timely objection to the remark precludes a reversal on this ground. "If counsel felt that the remark was prejudicial to the defendant, he should have objected to it at the time. Since no objection or motion to declare a mistrial was made at the time, an assignment of error in a motion for new trial can not be considered by this court." *Gravitt v. State,* 220 Ga. 781, 785 (141 SE2d 893).

4. Defendant argues that he was denied a fair trial by the trial judge's interference in his examination of witnesses and by other conduct allegedly demonstrating prejudice against him. "It is the duty of the trial court to control the trial of the case and to insure a fair trial to both sides on the disputed issues in the case. Sometimes this required interference by the court with the conduct of counsel or with a witness in the trial. The trial judge has broad discretion in handling these matters and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness. While another trial judge may not have conducted the trial of this case in the same way as this trial judge did, we do not agree the trial court interfered so as to deprive the appellant of a fair trial." *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166).

Defendant lists numerous examples of judicial conduct which allegedly illustrate the trial court's prejudice. Most of these actions were efforts by the trial judge to restrict the examination of witnesses within reasonable bounds of relevancy or to prevent the needless repetition of questions previously propounded and answered. It has been held numerous times that this sort of judicial conduct does not constitute an abuse of discretion. *Johnson v. State,* 137 Ga. App. 308, 309 (223 SE2d 500); *Geiger v. State,* 129 Ga. App. 488, 496 (4) (199 SE2d 861); *Sullivan v. State,* 222 Ga. 691, 693 (152 SE2d 382); *Sims v. State,* 177 Ga. 266 (170 SE 58).

5. Defendant's remaining enumerations are without merit and do not warrant discussion.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JUNE 7, 1976 — DECIDED
JULY 2, 1976.

Hugh Q. Wallace, for appellant.

Fred M. Hasty, District Attorney, W. Donald Thompson, Walker P. Johnson, Jr., Assistant District Attorneys, for appellee.