## 54208. CALDWELL v. THE STATE.

Deen, Presiding Judge.

The defendant was convicted of a violation of Code § 26-3201 in that he conspired to commit armed robbery with four named persons, at least one of whom committed an overt act by entering the home of the victim with weapons. The evidence of the state was primarily offered by two of the co-conspirators who had pleaded guilty, and was to the effect that the victim normally held a poker game at his home in Telfair County on Wednesday nights; that the appellant and his co-conspirators, who lived and worked in Fulton County, decided to rob the persons engaging in the game; that Caldwell and his brother sometimes played poker at the victim's residence, and Caldwell informed them of the method of conducting the games; that high stakes were involved; that since gambling was illegal there was little chance of robbery ever being reported. On Wednesday, August 4, a car driven by Caldwell with three of the other named parties as passengers, drove from Fulton County, where the conversations had taken place, to the home of the victim in Telfair County. Caldwell drove the car just inside the entrance gate while the others walked up the long drive to the house. They were armed with various types of guns. At about that time the victim drove up to his home, noticing the parked car as he entered the premises but failing to stop. The other robbers had looked through the windows to view the game in session, but when the owner arrived they were disconcerted that he had not been detained by Caldwell, who had been left as a lookout for this purpose, and immediately abandoned their project and returned to the car, all the men then returning to their homes. Caldwell, contradicting parts of this testimony, admitted he might have originally proposed the feasibility of such a robbery but claimed he did so in jest; that he went out on August 4 for the purpose of playing poker; that when he saw his comrades produce the guns he refused to enter and elected to wait in the car, and that he told them he would have nothing to do with any such plan. On August 11, the following Wednesday, the three co-conspirators plus another man, who had by them been substituted for

Caldwell, returned to the premises, entered with guns and robbed the poker players. Their explanation for Caldwell's absence at this point was that he had messed up the first attempt and they decided they didn't need him. *Held:*

1. It was not error to deny a motion for acquittal. Under Code § 26-3201, the defendant might escape the consequences of the conspiracy by showing "that before the overt act occurred, he withdrew his agreement to commit the crime." The defendant did not in terms adopt this defense since he contended he had never intended to rob the players; however, the jury might have believed that part of the testimony which was that he served as a lookout on August 4, and that he did not in fact ever announce an intention to withdraw. It is also urged that since the indictment charged an August 4 entry, and since the actual robbery occurred on August 11 this results in a fatal variance. We do not agree. Under some of the testimony there was in fact an entry on the premises on August 4. Further, the jury was not required to believe that the defendant had withdrawn when the successful attempt was made on August 11. Both of these dates are prior to the return of the indictment, and within the period of the statute of limitation; they are therefore sufficient to sustain the verdict. *Haupt v. State,* 108 Ga. 60 (1) (33 SE 829); *Jefferson v. State,* 136 Ga. App. 63 (5) (220 SE2d 71).

2. The facts of this case do not require a reversal under the law enunciated in *Jones v. State,* 135 Ga. App. 893, 901 (219 SE2d 585) holding: "Where overt acts are alleged to have been committed in more than one jurisdiction, it is essential to a conspiracy prosecution that the jury be properly instructed as to venue." In Georgia, both the corrupt agreement and an overt act must be proved; venue may be laid in the county of either, or, if there are several overt acts, in a county where any of them was committed. Finley v. United States, 271 F2d 777. Where the conspiracy is formed in one county and the act done in another, or where some acts are in the county of venue and others not, *Jones* correctly holds that the proof must affirmatively show one or more of these events as occurring in the county of venue and the jury must be

instructed, where more than one is alleged and the evidence of venue is in conflict, that they must acquit unless the evidence shows one of the forbidden acts to have occurred in the county where the indictment was returned. Here, however, there is no dispute but that the agreement was formed in Fulton County, and the premises to be robbed were situated in Telfair County. Only one overt act was charged. While it would be appropriate to instruct on venue under these circumstances, failure to do so is at least harmless error since the jury could not have convicted had they not believed the criminal acts were committed, and these could under the evidence have occurred only in the county of venue.

3. A witness for the state testified that she saw the defendant with some of the co-conspirators bending over a map showing the route between Atlanta and McRae where the robbery took place. On cross examination she testified to an argument between the defendant and her husband and that the latter had quit Caldwell's employment and later sued him for $985. The court recognized that the testimony was for the purpose of showing bias and ill feeling toward the defendant, but ruled that to pursue the subject further would be immaterial. We do not think this an abuse of discretion. *Johnson v. State,* 137 Ga. App. 308 (2) (223 SE2d 500). The fact itself was admissible to show the state of the witness' feelings toward the defendant (Code § 38-1712); the particulars of the transaction were immaterial. Cf. *Robinson v. Murray,* 198 Ga. 690 (7) (32 SE2d 496).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

Argued July 7, 1977 — Decided July 13, 1977.

*Gaines C. Granade,* for appellant.
*Phillip R. West, District Attorney, James L. Wiggins, Assistant District Attorney,* for appellee.