## 53923. HANSON v. THE STATE.

Smith, Judge.

After a jury trial in the Superior Court of Clayton County, Hanson was convicted and sentenced for burglary. In this appeal he contends that the evidence did not support the verdict, that his character was

erroneously placed in issue, and that the trial court abused its discretion in allowing a nonsequestered state witness to testify. We find no error and affirm.

1. The evidence, though circumstantial, was sufficient to warrant a conclusion of fact that every reasonable hypothesis, save the guilt of the appellant, had been excluded.

2. The police were led to the appellant after a shotgun taken in the burglary turned up among several stolen items recovered in a search of a suspected fencing operation. At trial, several of the recovered items were introduced, not because they were directly connected with the appellant or his crime, but because they proved the existence and nature of the fencing operation. The state was thereby able to supply circumstantial proof of the appellant's *motive* in taking the shotgun, his *scheme* in taking an item and delivering it to a fencing operation, his *intent* to deprive the owner of his property, and, perhaps, his *identity,* since it was through the fencing operation that the appellant's identity was ascertained.

The appellant contends the admission into evidence of these items placed his character in issue by showing thefts not connected with this trial. The state correctly asserts that evidence which incidentally may place a criminal defendant's character in issue is admissible if independently relevant, such as to show motive, plan, intent, scheme, or identity. The state further asserts that evidence of doubtful relevance or competence should be admitted and its weight left to the jury. See *Davis v. State,* 233 Ga. 638, 639 (212 SE2d 814). But the latter principle does not apply when the doubtfully relevant or competent evidence tends to place character in issue, for such evidence is admissible only when its relevance to an issue outweighs its inherently prejudicial impact. *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775).

We find that the evidence complained of here did tend to prove, to some extent, scheme, motive, intent, and identity. It was instrumental in tying together the state's other circumstantial evidence. Moreover, it appears to have been only slightly — if at all — prejudicial. The relevance of the testimony outweighing its prejudicial impact, it was properly admitted.

Likewise, the admission of fingerprint cards was essential to the state's proof of identity. The manner of admitting these cards was, at the worst, equivocal as to whether the cards were indicative of any bad character. They, too, were properly admitted.

3. A state witness had been excused from the trial, without objection, following his testimony. The witness, having been excused, remained in the courtroom and was later called as a rebuttal witness. Whether he should have been allowed to testify after hearing the testimony of other witnesses was a matter left to the sound discretion of the trial court, and we find no abuse of discretion here.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED MAY 3, 1977 — DECIDED SEPTEMBER 7, 1977.

*Patrick J. Fox,* for appellant.
*William H. Ison, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.