### 53843. CARROLL et al. v. THE STATE.

SMITH, Judge.

The appellants were convicted of burglary after a jury trial. Their appeal contends the trial court erred in allowing the state to use argumentative questions on cross examination of one appellant and in allowing the state to introduce evidence of a prior burglary conviction. With the latter contention we agree, and the judgment is reversed.

1. On cross examination of one appellant, the state inquired, with reference to one of the appellant's explanations of what had transpired, whether it was just "chance or coincidence" that events had happened that

way. The trial court allowed this question over objection that it was argumentative. The question logically followed the explanation that had been given and we can see no prejudice it might have caused. It was no abuse of discretion for the trial court to allow it. *Ward v. State,* 138 Ga. App. 454 (226 SE2d 278).

2. The appellants' remaining enumerations of error concern statements about prior criminal conduct. The appellants presented as a witness a deputy sheriff who testified on direct examination that he knew the defendants from when they were "serving time in Whitfield County Jail where I work." Later, when one of the appellants testified, the state was allowed, over objection, to ask on cross examination why they had been in jail. The answer was, "burglary." The state contends both that the appellants' presence in jail thereby was introduced as an issue in the case and that the appellants' character became an issue. On either issue, it argues, evidence of the prior burglary was admissible. We disagree.

(a) Although the appellants' presence in jail was interjected into the case by the appellants themselves, the state did not acquire free rein to expand on it. The prejudicial effect of evidence concerning independent crimes is the paramount consideration behind the general rule of inadmissibility of such evidence. When the evidence is independently relevant to an issue in the case, such as to show malice, motive, intent, or identity, it may be admissible. *Strickland v. State,* 137 Ga. App. 419, 421 (224 SE2d 87). Even then, the evidence will not be admissible unless its relevance to the issue outweighs its prejudicial impact. *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775). If the evidence tends to show a general criminal propensity more than it tends to prove an issue in the case, it should not be introduced to the jury. *Hanson v. State,* 143 Ga. App. 200.

In this case, the balance of considerations renders inadmissible the explanation of why the appellants were in jail. The jury in a burglary trial undoubtedly is influenced by testimony that the defendants were recently in jail for a prior burglary. What was the "issue" proved at the expense of admitting this prejudicial

evidence? It was not a central issue, or element of the crime, such as motive or identity. Instead, the evidence corroborated and explained the defense's admission that the appellants were previously jailed and came thereby to know a deputy sheriff. This fact was only remotely and peripherally relevant to this case, and it did not require elucidation at the cost of prejudicing the jury.

(b) Nor can we agree that this evidence was admissible because the appellants had placed their character in issue. In the cases cited by the state, *Knighton v. State,* 40 Ga. App. 489 (150 SE 432); *Rhodes v. State,* 33 Ga. App. 827 (128 SE 217), and in dozens of other Georgia cases, a criminal defendant placed his character in issue by testifying as to his good character. The state then could rebut with evidence of bad character. Here, the appellants' evidence tended to show, if anything, *bad* character. Their "good character" was not in issue so as to authorize rebuttal. We know of no Georgia case which has allowed the state to augment a defendant's admission of bad character, or which has held that such an admission places the defendant's character in issue.

This evidence should have been excluded, and the appellants must now be afforded a new trial.

*Judgment reversed. Bell, C. J., Webb, Shulman and Birdsong, JJ., concur. Banke, J., concurs in the judgment only. Deen, P. J., and McMurray, J., dissent. Quillian, P. J., not participating.*

SUBMITTED MAY 2, 1977 — DECIDED NOVEMBER 9, 1977.

*Michael S. Moldavan,* for appellants.
*Charles A. Pannell, Jr., District Attorney, Dean B. Donehoo,* for appellee.

McMURRAY, Judge, dissenting.

I concur fully in Division 1, but I dissent from Division 2 and the judgment of reversal.

The majority reverses the judgment because the assistant district attorney was allowed to ask the defendant why he was in jail, the objection being that he had not put his "reputation" into issue. A deputy sheriff

had been called as a witness for the defendants to establish an alibi that the defendants were somewhere else on the occasion of the burglary. The witness-deputy had testified on direct examination that he knew the defendants and had known them when they were "serving time in Whitfield County jail where I work." Thereafter, when the defendant Dennis Carroll was on cross examination with reference to the defendants' connection with the deputy sheriff who had testified in their favor, he was asked: "How have you known him?" A. "When I was over in the jail, I was over there in the jail and I knowed him over there." Q. "You knew him because you were in the jail?" A. "Yes, sir." Q. "And where is this jail located?" A. "Whitfield County." Q. "Why were you in jail?" Whereupon objection was made, "I object, Your Honor, he has not put any reputation into this issue." This objection was overruled, and the state was allowed to ask the question over, which was then phrased, "What were you in jail for at that time?" A. "Burglary." No further objection or motion for mistrial was made other than the initial, "He has not put any reputation into this issue." The majority contends that the evidence tends to show a general criminal propensity more than it tends to prove an issue in the case, and it should not be introduced to the jury, citing *Hanson v. State,* 143 Ga. App. 200. The majority then holds that the jury was undoubtedly influenced by testimony that defendants were recently in jail for a prior burglary. It is noted here that the defendants in their own testimony in their behalf had injected the fact that they had been in jail prior thereto. The majority holds that the fact that they were in jail was only "remotely and peripherally relevant." The majority likewise holds that the defendants had not put in issue their character and that the question was not admissible for this reason also.

On cross examination the opposing party, in this instance the state, is entitled to a thorough and sifting cross examination. Code § 38-1705; see *Ralph v. State,* 124 Ga. 81 (52 SE 298); *Sullivan v. State,* 222 Ga. 691, 693 (152 SE2d 382); *Johnson v. State,* 137 Ga. App. 308, 309 (223 SE2d 500). But generally, a witness cannot be asked the question, "How many times have you been in jail

charged with crime?" A witness cannot be impeached or discredited in this manner. A witness may only be impeached by a conviction involving moral turpitude, and the highest and best evidence of such fact is the judgment of the court in which he was convicted. See *Reid v. State,* 49 Ga. App. 429 (1) (176 SE 100), in which *Pierce v. State,* 29 Ga. App. 68 (113 SE 47), was expressly overruled; also *Howard v. State,* 144 Ga. 169 (2) (86 SE 540); *Beach v. State,* 138 Ga. 265 (1) (75 SE 139); *Swain v. State,* 151 Ga. 375 (4) (107 SE 40); *Smith v. State,* 200 Ga. 188 (5), 199 (36 SE2d 350).

It is quite clear from the above that the highest and best evidence of a conviction of a crime involving moral turpitude is the proper way to impeach a witness in this manner. If this had been the objection of defense counsel to the examination of the witness as to why he was in jail, his objection would be meritorious. But I do not agree that the objection here was meritorious, although I disagree with the trial court that since the defense had injected the fact that the witness-deputy sheriff knew the defendants because they had been in jail in Whitfield County where he saw them, this would authorize a cross examination in regard thereto. I agree fully with the majority that the state could not expand on this matter by delving into why the defendants were in jail. I do not agree that the case should be reversed because this question and evidence was not relevant to an issue in the case. Counsel for the defense simply did not raise this, and this court should not raise it for him. The evidence did corroborate and explain the admission that the defendants were previously in jail where they came to know the deputy sheriff. The objection as made simply was not the proper objection to be made in this instance. The objection was, "He has not put any reputation into this issue." This objection simply does not authorize the majority to reverse as to relevancy and character.

I, therefore, respectfully dissent. I am authorized to state Presiding Judge Deen joins in this dissent.