## 54902. CLARK v. THE STATE.

SMITH, Judge.

Clark was convicted on each count of an indictment charging one count each of keeping a place of prostitution and pimping, and two counts of pandering. He contends on appeal that the trial judge erred in refusing to disqualify himself, that the jury charge was erroneous in several respects, that his character was erroneously introduced into evidence, and that, for the above reasons, a new trial should have been granted. Finding merit in none of these enumerations we affirm the judgment.

1. Clark's trial counsel voluntarily withdrew his motion to disqualify the trial judge, so there can be no merit in an appellate contention that the judge's failure to disqualify himself was error.

2. The various enumerations directed toward the charge are without merit. The transcript shows that the charge was accurate, complete, and fairly adjusted to the evidence in this case.

3. Clark's character was not erroneously placed in issue. The indictment in this case arose out of an incident in which Clark allegedly provided GBI undercover agents

with young women for purposes of prostitution. Clark admitted that he had brought the women to a motel room rendezvous with the men, but he contended that his purpose was legitimate and that he had no intent to consummate an illicit transaction. One witness, who was not involved in the transaction alleged here, testified that she was twenty years old and had been working for Clark as a prostitute for seven years. Clark is correct in contending that this testimony tended to place his character in issue. However, in view of Clark's above admissions and denials, the testimony of this witness was reasonably probative of the hotly contested issue of Clark's *intent* to commit the crimes charged. Hence, we conclude that the relevance of this testimony outweighed the prejudice it may have caused, and the testimony therefore was admissible. *Carroll v. State,* 143 Ga. App. 796 (1977); *Hanson v. State,* 143 Ga. App. 200 (237 SE2d 699) (1977); *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775) (1974).

4. Since we find no merit in the enumerations discussed above, we accordingly conclude that the trial court correctly denied Clark's motion for a new trial.

*Judgment affirmed. Bell, C. J., concurs. McMurray, J., concurs in the judgment only.*

SUBMITTED NOVEMBER 1, 1977 — DECIDED JANUARY 31, 1978.

*J. Laddie Boatright,* for appellant.
*Dewey N. Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.