## 62037. JENKINS v. THE STATE.

SHULMAN, Presiding Judge.

Defendant-Jenkins appeals his conviction of the offenses of armed robbery and kidnapping with bodily injury. We affirm.

1. The bodily injury which occurred in conjunction with the kidnapping of the prosecutrix was rape. Defendant argues that, even if there was evidence to prove his participation in a kidnapping, there was no evidence to connect him with the alleged rape. We disagree.

The prosecutrix testified that she was abducted from a bus station at gunpoint by the appellant and a co-defendant (not a party to this appeal). The victim testified that the co-defendant led her to a house where she saw appellant, who had apparently taken her purse at the bus station, rummaging through the purse. Once inside the house, the victim's jewelry, consisting of, among other things, a spoon ring, a diamond-like ring, and a watch with a cracked face, was taken from her. She was forced to undress and was sexually molested by appellant, but was not then raped. The victim testified that after she was permitted to dress, she and both defendants left the house. She was forced to follow the co-defendant while the appellant left the house in a different direction. Shortly after they left the house, however, the prosecutrix was forced to return to the house with the co-defendant, who then raped her.

Appellant contends that if the offense of kidnapping was

committed, it was completed prior to the commission of the act of rape. Appellant maintains that the commission of rape was a separate crime, that it did not occur during the course of the kidnapping, and that he was not a participant in such crime. We cannot agree. The facts clearly show that the kidnapping was ongoing when the crime of rape occurred. The fact that the appellant was not physically present at the scene of the rape or that he did not personally commit the act does not render him any less culpable for the bodily injury suffered by the prosecutrix during the course of the kidnapping, to which the evidence showed defendant was a party. See *Hendrix v. State,* 239 Ga. 507 (2) (238 SE2d 56). See also Code Ann. § 26-801.

Even if the rape is considered to have occurred during the course of the kidnapping, defendant contends that the evidence demanded the finding that he had withdrawn from the illegal venture prior to the commission of rape. The evidence merely showed that defendant left the house in a different direction from his co-defendant and the prosecutrix. That evidence alone does not mandate a finding that he had withdrawn from the criminal venture. See, e.g., *Caldwell v. State,* 142 Ga. App. 831 (1) (237 SE2d 452). See also Code Ann. § 26-3202.

2. Nor do we find merit in appellant's contention that the conviction for armed robbery cannot stand. Appellant maintains that his conviction was not supported by the evidence inasmuch as the gun was not in his possession at the time of the alleged robbery, and the evidence showed only his presence at the scene of the crime. While the evidence may have shown that appellant's co-defendant held the gun, it also clearly authorized the finding that appellant was a party to the crime of armed robbery. See Code Ann. § 26-801. Furthermore, the sister of appellant's co-defendant testified that appellant offered to sell her a spoon ring, a "diamond" ring, and a cracked watch the night after the victim was raped and robbed. The evidence set forth above belies appellant's contention that the only evidence to connect him with the offense of armed robbery was his presence at the scene of the crime. That being so, the evidence clearly authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offense charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Finding no error for any reason assigned, the judgment of the trial court is affirmed on both counts.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Decided June 26, 1981 —
Rehearing denied July 8, 1981 ▮

*Ivan Nathan,* for appellant.
*Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Jr.,*

*Assistant District Attorney,* for appellee.