## 70914. WESTERFIELD v. THE STATE.
(335 SE2d 702)

BIRDSONG, Presiding Judge.

Frank Westerfield was convicted of committing incest with his 15-year-old daughter. He was sentenced to serve twenty years. His counsel submitted a notice of appeal which, for an undisclosed reason, was not filed in the superior court until 31 days after the judgment of conviction. Appellant and the state pursued the merits of the appeal which raised evidentiary questions involving the admission of evidence and alleged curtailment of cross-examination. At the oral argument on the appeal, this court sua sponte questioned its jurisdiction but allowed the parties to argue the jurisdictional issue as well as the substantive issues. This court dismissed the appeal on jurisdictional grounds finding that the notice of appeal was not timely filed. *Westerfield v. State,* 169 Ga. App. 510 (313 SE2d 768). Westerfield then filed an application for habeas corpus urging that he had been denied his right to appeal either because of his counsel's reliance upon the mail service or because the clerk of court did not file the notice of appeal on time. The habeas court in the interest of justice granted Westerfield an out-of-time appeal. In due course, Westerfield has perfected the notice of appeal, and the case is once again before us on the merits. Westerfield raises the same three enumerations that were argued before this court in its first appearance but which were not addressed in this court's first treatment of this case. *Held*:

1. While there may be a persuasive argument that the jurisdictional decision concerning the first attempted appeal in this case is dispositive of this second, out-of-time appeal, we believe that the first attempt to appeal (which was wholly nugatory) does not govern the subsequently pursued and legally granted out-of-time appeal, more especially in light of the spirit and intent enunciated in the case of *Evitts v. Lucey,* 469 U. S. ___ (105 SC 830, 83 LE2d 821). Accordingly, we conclude the appeal is proper and proceed to a consideration of its merits.

2. In his first enumeration, Westerfield complains it was error to allow as evidence a petition considered by a juvenile court at a custody hearing resulting in the removal of the daughter-victim and two younger brothers from the parental home. It is contended that the petition contained the same accusations and crimes as that pending before the jury in the criminal trial and was offered to show there had been an adjudication of guilt and thus could only have been offered to prejudice Westerfield's rights to a fair and unbiased trial.

Counsel for Westerfield has manifestly overstated the nature and impact of the petition. The state offered the petition to show that the victim-daughter had been removed from the home as a result of court action long before the criminal trial, and for that reason only had

been separated from her father, who contended at trial that the child had been away from his presence for months during which time she had been rehearsed in her inculpatory version of the incident which had changed from an exculpatory version in which she had first denied that any sexual misconduct had occurred. The trial court allowed the petition for the limited purpose of showing that the child had been removed from the home as the result of legal action and not for surreptitious purposes. In fact, the petition showed the grounds for removal were that the mother and father and 15-year-old girl had all slept together for a period of time, that the father and daughter had showered together, that the father had physically beaten the child with a belt, that the mother suspected possible sexual abuse, that the daughter had been locked in a room for substantial periods of time and that the father had stated to the mother that he intended to have sexual contact with the daughter.

After the court had admitted the petition to refresh the officer's memory and for the limited purpose of showing that the daughter had been removed from the home and placed in foster care and had charged the jury that it could only consider the document for that limited purpose, counsel for Westerfield extensively cross-examined the juvenile officer on the full contents and background of the petition, even though in its predicate for the admission of the petition the state had shown only that the parents and daughter had slept together, that the father and daughter had taken showers together, that the father had beaten the daughter, and that the daughter seemed to be intimidated — far short of equating the charges in the criminal trial.

In our opinion, there is more than one feasible reason for the trial court to admit the petition. It was offered in the first place by the state to establish credibility of the state's witnesses, confute possible bias, and elucidate limited circumstances leading to the removal of the children from the home. Secondly, it was offered for the limited purpose of explaining the actions of the juvenile court in removing the children. Any evidence is admissible which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue is relevant. *Allen v. State*, 137 Ga. App. 755, 756 (224 SE2d 834). The principal issue in this case was the credibility and bias of the child vis-à-vis the father. Additionally, evidence of acts is admissible to explain conduct where that conduct is helpful in explaining the material issues in a case. *Lundy v. State*, 130 Ga. App. 171, 174 (202 SE2d 536). Lastly, Westerfield subsequently addressed and expanded the evidentiary matters with the witness to which he had earlier objected. This removes any basis for an argument of harmful error. *Lamb v. State*, 171 Ga. App. 350, 351 (1) (319 SE2d

520). We find no merit in this enumeration.

3. In the remaining two enumerations, Westerfield urges the trial court erred in curtailing cross-examination.

(a) In the first instance, an aunt of the victim was called as a witness by the state. After testifying to certain incriminating admissions made by Westerfield, she was taken on cross-examination. During that examination, counsel for Westerfield sought to inquire into a matter of molestation which occurred in the witness' family. On objection as to relevancy by the state, the trial court sustained the objection and curtailed examination in that area. Counsel for Westerfield made no further inquiry nor did he make any offer of proof as to the purpose of the inquiry. Now on appeal for the first time, Westerfield seeks to argue that the purpose of the inquiry was to show the witness' bias caused by the adverse impact of the molestation crime against a member of her family.

No matter how competent evidence might be, a new trial will not be granted merely because evidence has been excluded. It must appear that the excluded testimony was material and the substance of what the material evidence is must be called to the attention of the trial court at the time of the exclusion. *Money v. State*, 137 Ga. App. 779, 780 (224 SE2d 783). It is not sufficient to set forth thereafter in a motion for new trial or in an appellate brief what the witness would have answered or the area desired to be exposed. The error, if any, must have been committed at trial, and the ruling must have been made, not on a question only, but in light of the facts about which the witness would have testified. *Parrish v. State*, 88 Ga. App. 881, 883 (78 SE2d 366).

(b) The second alleged curtailment occurred when the victim was testifying. She admitted on cross-examination that after she left home she had written certain letters back home but did not mail them. Westerfield's counsel had those letters in his hand and sought to make inquiry about the letters. Counsel for the state objected on the ground that if inquiry was to be made about the letters or their contents, the letters should have been marked, identified and admitted as evidence. That objection was sustained. Thereafter counsel for Westerfield asked one or two other questions, the answers to which also were successfully excluded. However, at no time did the defense counsel seek to mark or otherwise admit the letters. There is no indication that the trial court would not allow the letters to be introduced nor would have limited cross-examination thereon if the letters had been introduced.

It is the duty of the trial court to control the trial of the case and to ensure a fair trial to both sides on the disputed issues in the case. Sometimes this requires interference by the court with the conduct of counsel or with a witness in that trial. The trial judge has broad dis-

cretion in handling these matters, and we are loath to interfere with that discretion unless it is manifestly abused by clearly demonstrated prejudice or unfairness. While another judge may not have conducted the trial of this case in the same way as this trial judge did, we do not agree the trial court interfered so as to deprive the appellant of a fair trial. *Dyke v. State*, 232 Ga. 817, 825 (209 SE2d 166); *Mimbs v. State*, 139 Ga. App. 204, 206 (228 SE2d 193). In this instance, the trial court simply sought to require the defense to adhere to well-established rules of evidence, i.e., obedience to the best evidence rule. We find no abuse of discretion in the trial court's exercise of his power to ensure that the trial was conducted in an orderly and accepted manner.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 24, 1985.

*Jere Field*, for appellant.
*John M. Ott, District Attorney*, for appellee.