A93A1764. ELLIS v. THE STATE.
A93A1765. FERGUSON v. THE STATE.
A93A2191. JENKINS et al. v. THE STATE.

(440 SE2d 235)

ANDREWS, Judge.

Ellis, Ferguson, Curtis Jenkins, Montoria Jenkins, and Postell were indicted and tried before a jury on charges of kidnapping, burglary, armed robbery, and theft of a motor vehicle. The charges were based on allegations by the State that the five defendants were involved in an illegal entry of Jackson's residence, kidnapping of Jackson and her son, armed robbery, and stealing Jackson's automobile. The trial court directed a verdict on the burglary charge against all the defendants. Ellis was found guilty of armed robbery, and not guilty on the remaining charges. Ferguson, Curtis Jenkins, and Montoria Jenkins were found guilty of armed robbery, kidnapping of Jackson, and motor vehicle theft, and not guilty of kidnapping Jackson's son. Postell was found not guilty on all counts.

Jackson testified that three people illegally entered her residence at about 1:00 a.m., took various items of personal property from her house, including about $3,900 in cash, and stole her car. After the break-in, Jackson testified the robbers forced her at gunpoint to lie on the floor in her den, then forced her to get up and walk to her bedroom and show the robbers where to locate her purse and jewelry. She was then forced to lie on the floor again while the robbers took these

items, and went through the rest of her house collecting other items. Although she saw the legs of three people during the course of the robbery, she only saw the face of and was able to identify one of the robbers, Montoria Jenkins. Jackson's son was also in the house during the robbery. The record is clear that he also identified Montoria Jenkins as one of the robbers in the house, and there is evidence, although not as clear, that he identified Ferguson as a robber in the house. He testified that both were armed. After the robbery, Jackson heard two cars pull away from her residence, and immediately alerted the police.

Testimony from police officers revealed that at about 1:30 a.m. on the morning of the robbery Jackson's car was spotted on a nearby roadside with two other cars, a grey Dodge, and a white Chevrolet. A police officer spotted several people taking items out of Jackson's car, and putting them into the Chevrolet. Leaving Jackson's car abandoned on the roadside, the Dodge and the Chevrolet departed following one another at high speed. After a short chase, in which the two cars turned off in opposite directions, police eventually stopped both vehicles. The police officer who stopped the Dodge observed four black males exit the car and run into the woods. A search of the Dodge produced an automatic weapon later identified as one similar to a weapon used in the robbery, and three other guns. Postell, who admitted he was one of the men in the Dodge, later gave himself up a short distance from where the car was abandoned. Co-defendants Ferguson, Curtis Jenkins, and Montoria Jenkins, who were identified by Postell as the other men in the Dodge, were apprehended together the next morning in a nearby wooded area carrying about $900 in cash. Ellis was stopped while driving the Chevrolet, which contained numerous items identified as having been taken in the robbery. Property identified as having been taken in the robbery was also found in Jackson's abandoned Toyota.

Postell testified at trial that he was not involved in the robbery, but that after the robbery the other four co-defendants came by his house. He got in the grey Dodge with Ferguson, while Ellis followed in the Chevrolet, and Montoria Jenkins and Curtis Jenkins followed in Jackson's Toyota. After they spotted a police car, Curtis Jenkins and Montoria Jenkins left the Toyota on the side of the road, and got in the Dodge along with him and Ferguson. Postell testified that shortly thereafter they were stopped by police, and all four ran into the woods.

Curtis Jenkins gave a pre-trial statement to police indicating that he went to Jackson's house to collect money Jackson owed for drug sales. The statement continued: "[S]o I ask my partners to go went [sic] me and get my money. Two of my partner[s] and the other to [sic] I did not no [sic] that well. We drove to the hose [sic]. Some of

us throw rock and bust her window but we did not shoot either time we was there. I went in the house and demand my money. I had the short [gun]." The statement further relates that two men did not go in the house and "did not really no [sic] what was going on."

At trial, Ferguson and Curtis Jenkins testified that they went with Montoria Jenkins to Jackson's house to collect some money from her for a debt. They denied robbing Jackson, and stated that Jackson agreed to give them the items they took, along with her car, as payment for the debt. Ferguson testified that Ellis never went in the house, and was not a part of the effort to collect the debt.

Ellis testified at trial and denied any involvement in the armed robbery. He stated that he went over to Jackson's house to buy drugs from her, and met Ferguson coming out of Jackson's driveway. Ellis testified that Ferguson asked him if he would put some stuff in his car to take to Atlanta, and he replied: "I would, you know, because I wasn't doing nothing at the time."

### Case No. A93A1764

Ellis appeals his conviction for armed robbery claiming that the evidence was insufficient to support the conviction, and the trial court erred in denying his motion for a directed verdict made on the basis of insufficient evidence.[1]

1. Although the evidence did not show Ellis went in Jackson's house and directly committed the offense of armed robbery, there was sufficient evidence to convict Ellis as a party to the crime. "Under OCGA § 16-2-20 (a) every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. One is concerned in the commission of a crime where the person either directly commits, intentionally causes another to commit, intentionally aids or abets the commission of, or intentionally advises or otherwise encourages another to commit the crime. While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citations and punctuation omitted.) *Bailey v. State*, 203 Ga. App. 133, 135 (416 SE2d 151) (1992).

There was evidence, including the pre-trial statement given by

---

[1] Ellis also claims the verdict was contrary to the law, to the evidence, and to the weight of the evidence. A claim that the verdict is against the weight of the evidence is addressed to the trial court, not this court. *Daniel v. State*, 180 Ga. App. 687, 688 (350 SE2d 49) (1986). The remaining claims will be considered as relating to the sufficiency of the evidence. *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988).

Ellis' co-defendant, Curtis Jenkins, from which the jury could conclude that Ellis was present at the scene·of the crime, and knew of the other co-defendants' armed entry into Jackson's house. Ellis' own testimony established his presence at the scene of the robbery, and his agreement with a co-defendant to put items taken from Jackson's house in his car. This evidence coupled with other evidence of Ellis' cooperation with co-defendants after the robbery, and his flight from the police with the stolen goods, was sufficient direct and circumstantial evidence to allow the jury to conclude that he was concerned in the commission of the crime by intentionally aiding and abetting the armed robbery. Although there was other testimony that Ellis was not involved, the credibility of the witnesses was a matter for the jury; on appeal we consider the sufficiency of the evidence, viewing it in the light most favorable to support the jury's verdict. *Nelson v. State*, 208 Ga. App. 671 (431 SE2d 450) (1993). The evidence was sufficient for the jury to conclude beyond a reasonable doubt that Ellis was a party thereto and guilty of the offense of armed robbery.

### Case No. A93A1765

Ferguson appeals from his convictions for armed robbery, kidnapping, and theft of a motor vehicle.

2. In his first enumeration of error, Ferguson claims the convictions were contrary to law and the evidence, and against the weight of the evidence. The latter claim is addressed to the trial court, not this court (see footnote 1, supra); the former claims go to the sufficiency of the evidence.

The evidence was sufficient to sustain the convictions. There was evidence that Ferguson entered Jackson's house, was armed, and directly participated in taking property from Jackson by use of an offensive weapon. OCGA § 16-8-41. As to the kidnapping conviction, the forcible movement of Jackson from her den to her bedroom was sufficient evidence that she was forcibly abducted and held against her will. Unlawful asportation, even for a short distance, is sufficient to support a conviction for kidnapping. *Chambley v. State*, 163 Ga. App. 502, 503-504 (295 SE2d 166) (1982). The evidence was also sufficient to support Ferguson's conviction for the theft of Jackson's automobile after the co-defendants left Jackson's house. Even if the evidence did not prove Ferguson's direct commission of the offenses of kidnapping and theft of the automobile, there was more than sufficient evidence to convict Ferguson as a party to these offenses. OCGA § 16-2-20 (a).

3. Ferguson claims his Sixth Amendment right to cross-examination was improperly limited. The trial court sustained the State's objection to a question posed to one of the State's witnesses on a cross-

examination conducted, not by counsel for Ferguson, but by counsel for Montoria Jenkins, who thereafter made no offer of proof as to the purpose of the inquiry. See *Westerfield v. State*, 176 Ga. App. 195, 197 (335 SE2d 702) (1985). When the objection was sustained, counsel for Ferguson had already completed his cross-examination of the State's witness. There is nothing in the record to indicate that the ruling complained of curtailed Ferguson's right to cross-examination. He has no standing to complain of the trial court's ruling on the cross-examination conducted by counsel for a co-defendant.

4. Ferguson argues that the trial court's instructions to the jury with respect to the jury verdict form constituted an improper expression or intimation of opinion as to his guilt. See OCGA § 17-8-57. The record reflects that the trial court instructed the jury on each verdict to be considered on the various charges against each co-defendant, indicating that the verdicts should reflect a finding of guilt or innocence. There was no improper expression of opinion.

5. Ferguson claims he could not be convicted of both armed robbery and kidnapping because those offenses merged under the facts of the case. Armed robbery and kidnapping are not included offenses as a matter of law. *Emmett v. State*, 199 Ga. App. 650, 651 (405 SE2d 707) (1991). Although they can merge under certain facts, they do not automatically merge as a matter of fact simply because both offenses arise from the same series of events. *Mincey v. State*, 186 Ga. App. 839, 840 (368 SE2d 796) (1988). "Under OCGA 16-1-6 (1), offenses merge as a matter of fact only if one of them is established by proof of the same or less than all the facts used to prove the other." *Solomon v. State*, 195 Ga. App. 882, 883 (395 SE2d 335) (1990).

The offense of kidnapping was completed after Jackson was seized and forcibly moved from one room in the house to another. *Robinson v. State*, 210 Ga. App. 175 (435 SE2d 466) (1993). Evidence showed the subsequent commission of the offense of armed robbery. Under these circumstances, convictions for both offenses did not amount to two punishments for the same conduct, nor was one offense included in the other as a matter of fact. Id.; *Powell v. State*, 210 Ga. App. 409 (437 SE2d 598) (1993); *Chambley*, supra at 504-505.

### Case No. A93A2191

Curtis Jenkins and Montoria Jenkins appeal from their convictions for armed robbery, kidnapping, and theft of a motor vehicle.

6. Curtis Jenkins contends the trial court erred in finding his pretrial statement voluntary and admissible. At a hearing conducted pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), to determine whether or not the statement was voluntary, Curtis Jenkins testified he gave part of the statement after he was

promised leniency, and that he did not make another part of the statement. The police officers who took the statement testified he gave the statement, and that no promises of leniency were made. "In ruling that the in-custody statement given by the accused was admissible, the trial court must upon consideration of the totality of the circumstances, be satisfied by a preponderance of the evidence that the statement was freely and voluntarily given, and the court's ruling, including findings as to factual matters and credibility, will not be disturbed on appeal unless clearly erroneous." (Citations omitted.) *Connerly v. State*, 207 Ga. App. 498, 499 (428 SE2d 408) (1993); *Gulley v. State*, 197 Ga. App. 131 (397 SE2d 609) (1990). There was no error in admission of the statement.

7. Appellants claim the trial court erroneously limited their Sixth Amendment right to cross-examination. While counsel for Montoria Jenkins was cross-examining an arresting police officer during the State's case-in-chief, he asked if the officer knew Jackson, and the officer responded that he knew she worked at a local restaurant, but that it had been a while since he had seen her. Defense counsel then asked: "Did you or your department have any knowledge of any alleged drug activity?" The trial court sustained the State's objection to the question. Defense counsel made no offer of proof as to the purpose of the inquiry, and stated he had no further questions.

On appeal, both appellants argue that their subsequent defense at trial was that there was no robbery or kidnapping because Jackson, who was a drug dealer, agreed to give them the items taken as payment on a drug debt they were collecting for another drug dealer. They contend the trial court erred in sustaining the objection because it was relevant to this defense. The question as posed was not whether the officer was aware that Jackson sold drugs, but whether he had knowledge of any alleged drug activity. Defense counsel made no offer of proof as to purpose of this general inquiry, and failed to bring the issue of its relevancy to the attention of the trial court. *Westerfield*, supra; *Cooper v. State*, 178 Ga. App. 709, 713 (345 SE2d 606) (1986). There was no error. Moreover, there was no evidence that the ruling with respect to cross-examination by counsel for Montoria Jenkins had any limiting effect on Curtis Jenkins' opportunity to cross-examine. See Division 3, supra.

8. There was no expression of opinion by the trial court as to the appellants' guilt by the manner in which the trial judge instructed the jury on the form of the verdict (see Division 4, supra), nor did the trial court improperly comment on the evidence while instructing the jury with respect to evidence of the statement given by Curtis Jenkins.

9. Appellants, who were each represented by separate trial counsel, claim they were denied effective assistance of counsel during

preparation for and trial of the case. "The defendant has the burden of proving ineffectiveness by showing, first, that counsel's performance was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The first inquiry centers on whether counsel's performance was reasonable under the circumstances in light of the strong presumption that all significant decisions were made in the exercise of reasonable professional judgment. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985). Secondly, even if the presumption is overcome, the defendant must prove 'that there is a reasonable probability . . . that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (Cit.)' Id. at 783." *Dryer v. State*, 205 Ga. App. 671, 673 (423 SE2d 297) (1992).

Appellants claim their trial attorneys should have moved to sever their cases. Both appellants are represented by new appellate counsel, who filed a motion for new trial raising the issue of ineffectiveness of counsel. The severance ground urged on appeal was not asserted in the motion for new trial, and is deemed waived. *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987).

Curtis Jenkins claims his trial counsel failed to properly move to suppress his pre-trial statement on grounds that it was not freely and voluntarily given. Trial counsel properly raised these issues at the pre-trial hearing on the statement, at which the trial court concluded the statement was voluntary and admissible. See Division 6, supra.

Appellants contend that trial counsel failed to adequately investigate the case and present evidence in support of their defense that Jackson voluntarily gave them the property they took from her as payment on a drug debt owed to another drug dealer. Jackson testified at trial, and admitted that she had previously dealt in drugs, but denied that she was currently selling drugs, and denied that she gave her property to the appellants as payment on a drug debt. Defense counsel introduced evidence of a 1985 criminal conviction against Jackson for sale of drugs, and Ellis and Postell testified that they recently bought drugs from Jackson.

Montoria Jenkins claims that after the trial court sustained the State's objection to a cross-examination question posed by his counsel to a police officer about knowledge of alleged drug activity, counsel failed to offer proof that the question was relevant to the defense the appellants intended to make to the charges. Even if it was error for counsel to fail to offer proof of relevancy (see *Westerfield*, supra), appellants offered no proof at the hearing on the motion for new trial that the police officer being cross-examined at the time had any information which would have supported the defense by impeaching Jackson's testimony.

Appellants further contend that their trial counsel failed to call

as a witness a police officer who was quoted in a local newspaper article after the robbery that he had knowledge that Jackson was dealing in drugs. However, the officer's testimony at the hearing on the motion for new trial indicated that he had no such direct knowledge, and had only hearsay information that Jackson's house was in "a drug area where we've had drug activity before."

Appellants complain that trial counsel failed to contact the drug dealer for whom they claimed to be collecting a debt from Jackson. Counsel testified that based on the information supplied by appellants, unsuccessful efforts were made to locate the drug dealer. There was also evidence that trial counsel checked Jackson's telephone records for evidence of a connection to the drug dealer. It is not surprising, and certainly not a basis for claiming ineffective assistance, that counsel was unable to locate and secure this witness for testimony. The record as a whole shows that adequate efforts were made to impeach Jackson by pointing to inconsistencies in her testimony.

We find no ineffectiveness in the fact that Montoria Jenkins did not testify at the trial. The record shows that this was a mutual tactical decision by counsel and the accused based on the conclusion that his defense and version of the events were consistent with testimony already given by other co-defendants.

Without elaboration or citation to the record or legal authority, appellants contend this case involved the "round up" of black males, and that trial counsel should have challenged probable cause for arrest. We find no basis for an ineffectiveness claim in this contention.

Assuming trial counsel failed to reserve objections to the trial court's charge, appellants' claims of error with respect to the charge are without merit, so no ineffectiveness has been demonstrated. See Divisions 4 and 8, supra.

Finally, there was no ineffective assistance in the failure of trial counsel to move for merger of the kidnapping and armed robbery offenses as a matter of fact. See Division 5, supra.

The record does not support appellants' claims that they are entitled to a new trial because of ineffective counsel.

10. There is no merit to appellants' separate enumeration of error contending that the armed robbery and kidnapping offenses should have merged under the facts of this case. See Division 5, supra.

11. Appellants claim the verdicts were against the weight of the evidence. The weight of the evidence is a matter for consideration in the trial court, not this court, which considers the sufficiency of the evidence. *Daniel*, supra. The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Pope, C. J., and Birdsong, P. J., concur.*

Decided January 3, 1994.

Ben R. Freeman, for Ellis.
George C. Kennedy, Jr., for Ferguson.
Cathy M. Alterman, for Jenkins.
Peter J. Skandalakis, District, Attorney, David S. McLaughlin, Lynda S. Engel, Agnes McCabe, Assistant District Attorneys, for State.