A94A2433. THOMAS v. THE STATE.
(451 SE2d 516)

BLACKBURN, Judge.

Following a trial by jury, the appellant, Paul R. Thomas, Eddie L. Thomas and Vanessa Walker were found guilty of conspiracy to defraud the state and appellant was acquitted on the charge of criminal attempt to commit theft. On appeal, the appellant asserts that the evidence was insufficient to support his conviction of conspiracy in that: (1) the jury could not find him guilty of conspiracy because he

was acquitted of the single overt act that he was alleged to have committed in furtherance of the conspiracy; and (2) the state failed to prove venue beyond a reasonable doubt. We disagree.

The record reflects that in November 1992, at a time they were living together at a Cobb County address, Thomas and his co-conspirators submitted W-2 wage and tax forms to C. L. Nebb, a tax preparer, for his use in preparing their 1991 Georgia tax returns. The forms reflected that taxes had been withheld for each defendant, $10,000, for appellant. Nebb's office was located in Cobb County. The W-2 forms were purported to have been issued by Mark Anthony & Associates, Inc., an Atlanta-based limousine service that had employed Thomas, his brother, and Walker as independent contractors for portions of 1991. The evidence indicated that Mark Anthony had in fact, provided defendants, as independent contractors, with miscellaneous income 1099 forms, which reflected no taxes had been withheld.

Finally, although Thomas was found not guilty of the charge involving the single overt act alleged against him, criminal attempt to commit theft, the jury found his co-conspirators guilty of charges involving overt acts in furtherance of the conspiracy. Walker admitted calling the Georgia Department of Revenue to check on the status of her refund and Thomas' brother took Georgia tax monies by presenting his wrongfully received refund check for payment in Cobb County. When individuals engage in a conspiracy, any act done in furtherance of the conspiracy is legally the act of each of the conspirators. *Brown v. State*, 177 Ga. App. 284, 295 (9) (339 SE2d 332) (1985).

"One commits a conspiracy when he together with one or more persons conspires to commit a crime and any one or more of such persons does any overt act to effect the object of the conspiracy." (Citation and punctuation omitted.) *Raftis v. State*, 175 Ga. App. 893, 895 (1) (334 SE2d 857) (1985). Moreover, in Georgia venue may be properly laid in the county in which the conspiratorial agreement was reached or in any county in which an overt act occurred. *Caldwell v. State*, 142 Ga. App. 831, 832 (2) (237 SE2d 452) (1977). Accordingly, that the jury found Thomas not guilty of the charge involving the overt act alleged against him, did not foreclose a finding of guilty based upon the conspiracy where, as here, there was sufficient evidence of the commission of overt acts by others in furtherance of the conspiracy.

The overt acts proved in the instant circumstances occurred in Cobb County and venue was proper. The jury was authorized under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to find the appellant guilty beyond a reasonable doubt.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 7, 1994.

*Jenkins & Eells, B. Emory Potter, Nicholas Pagano,* for appellant.

*Michael J. Bowers, Attorney General, Harrison W. Kohler, Senior Assistant Attorney General,* for appellee.